**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 08 2014, 9:51 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LAWRENCE D. NEWMAN**
Newman & Newman, P.C.
Noblesville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KENNETH BIGGINS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CALVIN SARVER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1407-CR-504 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable William J. Hughes, Judge
Cause No. 29D03-1002-FB-42

**December 8, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Calvin Sarver appeals the sentence imposed by the trial court after he pleaded guilty to Burglary,[1] a class B felony. He argues that his sentence was inappropriate in light of the nature of the offense and his character. The State cross-appeals, arguing that the trial court improperly granted Sarver's request for a belated appeal. Finding no jurisdictional issue and concluding that Sarver's sentence is not inappropriate, we affirm.

FACTS

On January 28, 2010, Annette Kreider, a resident of Hamilton County, dialed 911 to report that her home had been broken into. Kreider hid in a closet in her home until the police responded. Officers with the Carmel Police Department arrived and discovered Sarver and another man inside Kreider's home. The two men had moved several of Kreider's possessions, including three televisions, a DVD player, a Nintendo Wii gaming system, and a laptop computer, into a staging area for subsequent removal. Police arrested both men. Sarver cooperated with police and admitted to his involvement in the burglary.

On February 4, 2010, the State charged Sarver with class B felony burglary and class D felony theft. On August 12, 2010, Sarver pleaded guilty to burglary. In exchange for Sarver's guilty plea, the State agreed to dismiss the theft charge. The plea agreement left sentencing to the trial court's discretion but provided a cap of ten years imprisonment. On September 3, 2010, the trial court accepted Sarver's plea and sentenced him to ten years for the burglary conviction.

---

[1] Ind. Code § 35-43-2-1.

Sarver was never told of his right to appeal by the trial court or counsel. On March 25, 2014, Sarver requested permission to file a belated appeal, and the trial court granted permission on April 2, 2014. The trial court also appointed local counsel. Sarver's counsel allowed the deadline for perfecting the appeal to pass, and, therefore, Sarver again requested permission to file a belated notice of appeal on May 27, 2014, and requested a hearing to present evidence. A hearing was held on July 3, 2014, and the trial court granted Sarver's request. Sarver now appeals his conviction and the State cross-appeals.

DISCUSSION AND DECISION

We first address the State's contention that the trial court improperly granted Sarver's second request to file a belated notice of appeal. The State maintains that the trial court was not required to advise Sarver of his right to appeal his sentence and argues that Sarver failed to show that he diligently pursued his appeal.

Indiana Post-Conviction Rule 2(1) provides that an eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if: 1) the defendant failed to file a timely notice of appeal, 2) the failure to file a timely notice of appeal was not due to the fault of the defendant, and 3) the defendant has been diligent in requesting permission to file a belated notice of appeal.

The decision to grant permission to file a belated notice of appeal or belated motion to correct error is within the sound discretion of the trial court. Moshenek v.

3

State, 868 N.E.2d 419, 422 (Ind. 2007). The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay and was diligent in pursuing permission to file a belated motion to appeal. Id. There are no set standards of fault or diligence, and each case turns on its own facts. Id. A trial court's ruling on a petition for permission to file a belated notice of appeal under Post-Conviction Rule 2 will be affirmed unless it was based on an error of law or a clearly erroneous factual determination. Id. at 423-24.

Here, Sarver was not advised of his right to appeal. Tr. p. 26, 32-33. Neither the trial court nor counsel told him of his right. While Sarver did wait a considerable time to file his request to file a belated notice, and his counsel failed to meet the deadline for perfecting his appeal and another request was filed, this Court has previously determined that a request to file a belated notice of appeal was appropriate where a defendant had waited up to four years to filed a request, which illustrates that timing is not the only determinative factor. See Baysinger v. State, 835 N.E.2d 233 (Ind. Ct. App. 2005). Under these circumstances, we do not find that the trial court's decision to grant permission to file a belated notice of appeal was based on an error of law or a clearly erroneous factual determination.

Turning to the merits of the appeal, we address Sarver's argument that his sentence was inappropriate in light of the nature of the offense and his character. On appeal, this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of

4

the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). However, this Court does not substitute its judgment for that of the trial court. Foster v. State, 795 N.E.2d 1078, 1092 (Ind. Ct. App. 2003). Under Appellate Rule 7(B), the question is not whether it is more appropriate to impose a different sentence upon the defendant, but whether the defendant's sentence is inappropriate. Steinberg v. State, 941 N.E.2d 515, 535 (Ind. Ct. App. 2011). The defendant bears the burden of persuasion on appeal that the sentence he received is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

We start by noting that, when considering the nature of the offense, "the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed." Anglemyer v. State, 868 N.E2d 482, 494 (Ind. 2007). Here, the trial court imposed a ten year sentence, the advisory sentence for a class B felony. Ind. Code 35-50-2-5(a). Our Supreme Court has cautioned that "[a] defendant's conscious choice to enter a plea agreement that limits the trial court's discretion to a sentence less than the statutory maximum should usually be understood as strong and persuasive evidence of sentence reasonableness and appropriateness," and that following such an agreement, we should grant relief "only in the most rare, exceptional cases." Childress v. State, 848 N.E.2d 1073, 1081 (Ind. 2006) (Dickson, J., concurring). Moreover, the record shows that Sarver broke into Kreider's home while she was inside. Appellant's App. p. 12. Kreider hid fearfully in a closet while Sarver and another man attempted to steal her property. Tr. p. 9.

5

Furthermore, regarding Sarver's character, the record shows that, prior to this burglary conviction, Sarver had been charged with several misdemeanors. Appellant's App. p. 172-3. Sarver had also been charged with murder, and, in that case, pleaded guilty to voluntary manslaughter. Id. Clearly, these experiences with the criminal justice system have not convinced him to abandon his propensity for criminal behavior. We find that Sarver's sentence was appropriate in light of the nature of the offense and his character.

The judgment of the trial court is affirmed.

VAIDIK, C.J., and RILEY, J., concur.