## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 16 2015, 5:25 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Donald R. Shuler
Barkes, Kolbus, Rife & Shuler, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Patrick Bovia Wallace, Jr., <br> *Appellant-Defendant/Cross-Appellee,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff/Cross-Appellant* | October 16, 2015 <br><br> Court of Appeals Case No. <br> 20A03-1504-CR-118 <br><br> Appeal from the Elkhart Circuit Court <br><br> The Honorable Terry C. Shewmaker, Judge <br><br> Trial Court Cause No. <br> 20C01-1209-FA-61 |

**Crone, Judge.**

# Case Summary

Patrick Bovia Wallace, Jr., appeals the thirty-five year sentence, with thirty-three years executed and two years suspended, imposed by the trial court following his guilty plea to three counts of class A felony dealing in cocaine. He claims that the trial court abused its discretion during sentencing and that the sentence imposed is inappropriate in light of the nature of his offenses and his character. Choosing to review only the appropriateness of his sentence, we conclude that Wallace has not met his burden to demonstrate that his sentence is inappropriate. Therefore, we affirm his sentence.

# Facts and Procedural History

On August 29, September 4, and September 12, 2012, Wallace sold crack cocaine to a cooperating source in controlled buys set up by the Elkhart Police Department. The first two controlled buys occurred within 1000 feet of a family housing complex. Following the third controlled buy, police conducted a traffic stop and arrest of Wallace and, during a search incident to arrest, police discovered 7.8 grams of cocaine on Wallace's person. The cocaine was wrapped in twenty-one individual packages.

The State charged Wallace with four counts of class A felony dealing in cocaine. A guilty plea hearing was held on March 28, 2013. Wallace pled guilty to three of the charged counts and the State dismissed one count. Following a sentencing hearing, the trial court sentenced Wallace to concurrent

thirty-five-year terms on each count, with thirty-three years executed and two years suspended to probation. This appeal ensued.

## Discussion and Decision

[4] We begin by briefly addressing a cross-appeal issue raised by the State. It is undisputed that Wallace failed to file a notice of appeal within thirty days of the trial court's imposition of his sentence as required by Indiana Appellate Rule 9(A)(1). Instead, almost two years later, he filed a petition requesting permission to file a belated notice of appeal pursuant to Indiana Post-Conviction Rule 2. Indiana Post-Conviction Rule 2(1)(a) allows an eligible defendant to request permission to file a belated appeal where the failure to file a timely notice of appeal was not the petitioner's fault and the petitioner has been diligent in seeking permission to file a belated notice. *Moshenek v. State*, 868 N.E.2d 419, 422 (Ind. 2007). The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated notice of appeal. *Id*. at 422-23. The decision whether to grant permission to file a belated notice of appeal is within the sound discretion of the trial court. *Id*. at 422. Where, as here, the trial court held a hearing on the petition, we will defer to the trial court's factual determinations and we will affirm the trial court's decision absent an abuse of discretion. *Id*. at 423-24.

[5] The State asserts that this appeal should be dismissed because, although Wallace sought permission from the trial court to file a belated notice of appeal,

the trial court never specifically granted him permission. The State also maintains that, even assuming that the trial court granted Wallace permission, any such grant constituted an abuse of discretion. We disagree on both counts.

[6] At the conclusion of the hearing on Wallace's petition, and after hearing argument from the State and Wallace, the trial court appointed pauper counsel on Wallace's behalf for the purpose of pursuing "an appeal on a belated basis[.]" Tr. at 52. This is tantamount to granting permission to file a belated notice of appeal. Our review of the record reveals that Wallace adequately explained his confusion regarding his rights and the appellate process, and that he established by a preponderance of the evidence that he was sufficiently diligent and without fault in pursuing permission to file a belated notice appeal. Therefore, we cannot say that the trial court abused its discretion in granting him permission under the circumstances. In short, we disagree with the State on the cross-appeal issue, decline the invitation to dismiss Wallace's appeal, and now turn to address this case on the merits.

[7] Wallace challenges the aggregate thirty-five-year sentence, with two years suspended to probation, imposed by the trial court following his guilty plea to three counts of class A felony dealing in cocaine. He argues that the trial court abused its discretion during sentencing in its finding of aggravators and also that his sentence is inappropriate. We note that, even assuming that we find that a trial court has abused its discretion in its finding of aggravators, we may choose to review the appropriateness of a sentence under Indiana Appellate Rule 7(B) instead of remanding to the trial court for resentencing. *See Windhorst*

*v. State*, 868 N.E.2d 504, 507 (Ind. 2007). Because we may dispose of this case solely upon an Appellate Rule 7(B) analysis, we will do so.

[8] Pursuant to Rule 7(B), we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). In reviewing the appropriateness of a sentence, we consider not only the aggregate length of the sentence, but also whether a portion of the sentence was ordered suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[9] As for the nature of the offenses, Wallace admitted to twice selling cocaine within close proximity to a family housing complex. On a third occasion, Wallace possessed with intent to deliver a significant amount of cocaine, well above the threshold required for a class A felony.[1] We disagree with Wallace's characterization of his offenses as "normal" and "mundane." Appellant's Br. at

---

[1] Wallace possessed, with intent to deliver, 7.8 grams of cocaine. At the time of his offense, Indiana Code Section 35-48-4-1(b) provided that the offense of dealing in cocaine is a class A felony "if the amount of drug involved weighs three (3) grams or more."

11, 12. The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). The sentencing range for a class A felony is between twenty and fifty years, with the advisory sentence being thirty years. Ind. Code § 35-50-2-4. Wallace's executed sentence of thirty-three years is only slightly above the advisory for a single class A felony count, and Wallace admitted to committing three counts. We cannot conclude that the sentence imposed by the trial court was out of line here.

[10] As for Wallace's character, the record indicates that Wallace has a criminal history that includes numerous arrests and two juvenile delinquency adjudications, and at the time of sentencing, he had three pending adult misdemeanor charges. The trial court specifically noted Wallace's extensive history (at least seven years) of consistent marijuana use and how it has contributed to his criminal behavior. While we commend Wallace for his decision to plead guilty to the current offenses, there is nothing about Wallace's character that convinces us that a thirty-three-year executed sentence is inappropriate. In sum, we cannot say that Wallace's sentence is inappropriate in light of the nature of his offenses and his character. The judgment of the trial court is affirmed.

[11] Affirmed.

May, J., and Bradford, J., concur.