# FOR PUBLICATION



**FILED**
Jun 25 2013, 6:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JAMES D. CRUM**
Coots, Henke & Wheeler, P.C.
Carmel, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

GEORGE COLE,                              )
                                         )
    Appellant-Defendant,                 )
                                         )
        vs.                          )     No. 29A02-1301-CR-4
                                         )
STATE OF INDIANA,                        )
                                         )
    Appellee-Plaintiff.                  )

APPEAL FROM THE HAMILTON CIRCUIT COURT
The Honorable Paul A. Felix, Judge
Cause No. 29C01-6212-CF-8394

**June 25, 2013**

**OPINION - FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

George Cole appeals the denial of his petition for permission to file a belated notice of appeal following his 1963 murder conviction and life sentence. We affirm.

## ISSUE

The sole issue in this appeal is whether the trial court abused its discretion by denying Cole's petition for permission to file a belated notice of appeal.

## FACTS AND PROCEDURAL HISTORY

In 1961, a cab driver was shot at the corner of 23rd and North Illinois Streets in Indianapolis. Cole was later charged with first degree murder and murder in attempt to perpetrate a robbery. In 1963, on the day of trial, Cole pleaded guilty to the lesser included offense of second degree murder. The trial court accepted the plea, entered a judgment of conviction, and dismissed the second count on the State's request. At his sentencing hearing, Cole asked to withdraw his guilty plea, stating only that he had changed his mind and would rather be tried. The court denied the request and imposed the then-statutorily-mandated sentence of life imprisonment. Cole did not file a direct appeal.

In 1969, six years after sentencing, Cole filed a petition for post-conviction relief. The court appointed counsel for Cole and later heard evidence at a hearing. The petition was denied on March 22, 1971.

On April 2, 1971, Cole escaped from prison. Thirty years later in April 2001, he was apprehended and returned to prison. During his thirty-year period of escape, Cole

neither talked to an attorney about his case nor tried to challenge his conviction or sentence. Upon being returned to prison, he filed several items, including the following:

– In May 2001, Cole filed a second petition for post-conviction relief, which was later dismissed.

– In November 2001, Cole filed a motion for jail time credit, which was later denied.

– In March 2002, an attorney entered an appearance for Cole. In January 2004, that attorney filed a request with this Court to file a successive petition for post-conviction relief, which was later denied.

– In April 2003, Cole filed a clemency petition, which was apparently denied.

– In July 2007, Cole filed a motion for modification of sentence, which was later denied.

– In October 2008, Cole filed a motion to correct erroneous sentence, which was denied on December 8, 2008. Cole filed a notice of appeal on January 12, 2009, but this Court dismissed his appeal with prejudice.

– In February 2011, Cole filed a petition for jail time credit, which was later denied.

It was not until April 2012, nearly forty-nine years after his conviction and eleven years after he was returned to prison, that Cole filed a motion asking the court to appoint counsel to pursue a belated appeal. The court appointed counsel the same month, and counsel subsequently filed a petition for permission to file a belated notice of appeal. The State responded to the petition. At a hearing, Cole claimed he was unaware he could seek permission to file a belated appeal until April 2012. He also claimed he had proceeded pro se on everything he had filed from the time after his conviction up until the appointment of counsel in April 2012.

3

The court issued an order after taking the matter under advisement. In the order, the court determined that Cole was not credible in claiming he had just learned of the possibility of filing a belated notice of appeal. It further noted that a fact in favor of Cole was that he had not been advised of his right to appeal the denial of his request to withdraw his guilty plea, but it weighed that fact against his escape. The court then concluded:

> When this Court considers the factors outlined above with the facts established at the hearing, considers the inconsistent statements of the Defendant[ ], and his escape from prison for thirty (30) years, and his eleven year delay after returning to prison in filing this Petition for Permission for Belated Notice of Appeal, the Court finds that the Defendant was not completely without fault nor was he diligent with this filing.

Appellant's App. p. 10. The court thus denied the petition for permission to file a belated notice of appeal. Cole now appeals.

## DISCUSSION AND DECISION

Belated notices of appeal are governed by Indiana Post-Conviction Rule 2(1), which provides:

> (a) *Required Showings.* An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;
> (1) the defendant failed to file a timely notice of appeal;
> (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
> (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

4

We review a trial court's ruling on a petition for permission to file a belated notice of appeal for an abuse of discretion.[1] *Moshenek v. State*, 868 N.E.2d 419, 422, 423-24 (Ind. 2007). The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated notice of appeal. *Id.* at 422-23.

Cole contends he was both without fault in failing to file a timely notice of appeal and diligent in pursuing permission to file a belated notice of appeal. The State does not concede the lack of fault component but addresses only Cole's lack of diligence. We agree that this case may be resolved on the diligence component alone. As to the diligence inquiry in this context, relevant considerations include the overall passage of time, the extent to which the defendant was aware of relevant facts, and the degree to which delays are attributable to other parties.[2] *Id.* at 424.

The essence of Cole's argument is that he was diligent because he pursued a belated appeal as soon as he learned from a fellow inmate in April 2012 that he could do so. He says his numerous filings since he was returned to prison are evidence he would have already pursued a belated appeal had he known of that option.

However, the trial court explicitly found that Cole was not credible in claiming he had just learned of the possibility of filing a belated notice of appeal. We may not disturb

---

[1] The trial court here held a hearing. Had there been no hearing, we would review the ruling on the petition for permission to file a belated notice of appeal de novo. *See Bosley v. State*, 871 N.E.2d 999, 1002 (Ind. Ct. App. 2007).

[2] *Moshenek* also noted that "[w]hen the overall time stretches into decades, a belated appeal becomes particularly problematic because of the risk that significant problems will be encountered in any retrial due to unavailable evidence or witnesses or failing memories." 868 N.E.2d at 424.

that credibility determination on appeal. *See id.* at 424 ("The trial court is in a better position to weigh evidence, assess the credibility of witnesses, and draw inferences.").

In any event, Cole claimed he had never had counsel at any time after his conviction up until the appointment of counsel in April 2012. But the record shows he had the assistance of counsel in his proceedings for post-conviction relief and in filing a request with this Court to file a successive petition for post-conviction relief. This contradiction may well have reflected on Cole's credibility. That he had counsel in those proceedings may also have led the trial court to believe that at least one of his attorneys would have discussed with him the possibility of a belated appeal. Regardless of the basis of the court's credibility determination, it was well within its discretion to disbelieve Cole's claim that he had just learned about belated appeals.

Given that the trial court did not believe Cole's claim as well as the fact that nearly five decades had passed from the time of his conviction until he finally sought an appeal under Post-Conviction Rule 2, we cannot say the court abused its discretion by concluding Cole was not diligent in pursuing permission to file a belated notice of appeal and by thus denying his petition for permission to file a belated notice of appeal.

## CONCLUSION

We therefore affirm.

ROBB, C.J., and BROWN, J., concur.

6