

FILED
Jan 29 2016, 7:45 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

James T. Acklin
Chief Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronald L. Sanford, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | January 29, 2016 <br><br> Court of Appeals Case No. <br> 49A05-1506-PC-485 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Lisa F. Borges, Judge <br><br> The Honorable Anne Flannelly, Magistrate <br><br> Trial Court Cause No. <br> 49G04-8804-PC-40167 |

**Crone, Judge.**

## Case Summary

[1] Ronald L. Sanford, Jr., appeals the denial of his petition for permission to file a belated notice of appeal of his sentence filed pursuant to Indiana Post-

Conviction Rule 2. He argues that the trial court abused its discretion in finding that he had failed to carry his burden to prove that he was diligent in requesting permission to file a belated notice of appeal. He also argues that pursuant to *In re Adoption of O.R.*, 16 N.E.3d 965 (Ind. 2014), his right to appeal should be restored due to extraordinarily compelling reasons.

[2] We conclude that the trial court did not abuse its discretion in denying Sanford's petition for permission to file a belated notice of appeal. We also conclude that *O.R.* need not be extended to criminal defendants who already have a remedy for reinstating an untimely appeal through Post-Conviction Rule 2. Therefore, we affirm.

## Facts and Procedural History

[3] In August 1987, thirteen-year-old Sanford and a friend forced their way into Sanford's elderly neighbors' home. Sanford demanded money from eighty-seven-year-old Julia Belmar and eighty-three-year-old Anna Harris. Sanford stabbed both women multiple times, killing them.

[4] In March 1988, the State charged Sanford as a juvenile for his role in the stabbing deaths of Belmar and Harris. In April 1988, the juvenile court waived Sanford to adult court, where he was charged with two counts of murder, two counts of class A felony robbery, two counts of class B felony criminal confinement, one count of class A felony burglary, and two counts of felony murder. Sanford was represented by a public defender. In March 1989, fifteen-year-old Sanford pled guilty pursuant to a plea agreement to two counts of

murder, one count of class A felony robbery, and one count of class B felony burglary. The plea agreement left sentencing open. The State dismissed the remaining charges. At Sanford's guilty plea hearing, the trial court informed him that he was waiving his right to appeal his convictions but not his right to postconviction relief pursuant to Indiana Post-Conviction Rule 1 ("PCR"). The trial court did not advise Sanford that he had a right to appeal his sentence.

[5] In April 1989, the trial court sentenced Sanford to fifty years for each count of murder, fifty years for robbery, and twenty years for burglary, all to be served consecutively, for an aggregate sentence of 170 years. The trial court did not advise Sanford that he had a right to appeal his sentence.

[6] Between February 1991 and November 1995, Sanford filed four requests with the trial court for transcripts so that he could prepare a PCR petition. All his requests were denied without explanation. During this time, he also filed two requests with the juvenile court for transcripts, which were also denied. Sanford did not know what else to do and stopped filing motions.

[7] In February 2004, Sanford wrote a letter to the State Public Defender's Office seeking advice on how to obtain his transcripts. That same month, a deputy public defender responded to Sanford with a letter, which read,

> Most courts will not give you a copy of your transcripts unless there is a Petition for Post-Conviction Relief pending. …. The only thing you can do is to file a Petition for Post-Conviction Relief and try to put down things that you remember from your guilty plea. The good thing is that you will be able to amend your petition once it is filed and you are able to obtain your

transcripts from the court.  Once you have read the transcripts, you will be able to add any issues you find.  (If you ask for our representation, our office will request your transcripts and amend your petition if necessary.)

Petitioner's Ex. G.

[8]     In March 2005, Sanford filed a motion to request transcripts, which the trial court denied on March 31, 2005.  The trial court indicated that it was denying the motion because "[n]othing is pending."  Appellant's App. at 7.

[9]     In January 2006, Sanford sent a public record request to the Marion County Clerk's Office seeking copies of all the filings in his case.  The clerk's office informed Sanford that both the paper and the microfilm versions of the original case file were missing, but a new file had been opened the prior year to accommodate new filings.  The clerk provided Sanford with copies of the new filings.

[10]    In July 2006, Sanford filed a pro se PCR petition and request for transcripts. He declined representation from the State Public Defender.  In September 2006, the trial court granted Sanford's motion for transcripts and scheduled a hearing. In January 2007, Sanford moved to reschedule the hearing because he had not received the transcripts, and the trial court granted the motion.  In June 2007, Sanford wrote the trial court that he had received the transcript of the sentencing hearing but not the guilty plea hearing.  The trial court ordered that the guilty plea transcript be provided to Sanford.  In August 2007, Sanford wrote the trial court that he had not received the transcript of the guilty plea

hearing, and the trial court again ordered that the transcript be provided to Sanford. In October 2007, Sanford again moved for a continuance because he had not received the transcript, which the trial court granted.

[11]  In April 2008, Sanford had still not received the transcript of the guilty plea hearing, and he moved to withdraw his PCR petition without prejudice, which the trial court granted. In January 2010, Sanford filed a motion requesting that the court compel compliance with its order granting Sanford's motion for the transcript of the guilty plea hearing. The trial court denied the motion because nothing was pending. *Id*. at 52.

[12]  In June 2011, Sanford filing another pro se PCR petition. The trial court appointed the State Public Defender to represent Sanford. Sanford, by counsel, requested three continuances of the PCR evidentiary hearing.

[13]  In February 2015, Sanford, by counsel, filed a petition for permission to file a belated appeal of his sentence pursuant to Post-Conviction Rule 2 and requested that his PCR petition be held in abeyance. The trial court granted Sanford's request that his PCR petition be held in abeyance. In April 2015, the trial court held a hearing on Sanford's petition for permission to file a belated appeal. Sanford submitted a posthearing memorandum in support of his petition, which the trial court accepted and considered before making its ruling.

[14]  In May 2015, the trial court issued a written order with factual findings denying Sanford's petition for permission to file a belated appeal. The trial court found that Sanford was not at fault for not filing a timely notice of appeal but also

found that he had not shown that he had been diligent in seeking an appeal because (1) he made no attempts to either obtain transcripts or make any other filings for almost nine and a half years between 1995 and 2005, and (2) he delayed filing his PCR petition until July 2006 even though he learned in February 2005 from the public defender that once he filed his PCR petition he would be able to obtain his transcripts and could amend his PCR petition. This appeal ensued.

## Discussion and Decision

## Section 1 – The trial court did not abuse its discretion by denying Sanford's petition for permission to file belated appeal.

We review the trial court's decision whether to grant permission to file a belated notice of appeal for an abuse of discretion. *Moshenek v. State*, 868 N.E.2d 419, 422 (Ind. 2007). We will affirm the trial court's ruling unless it was based on an error of law or a clearly erroneous factual determination. *Id*. at 423-24.

To successfully obtain permission to file a belated notice of appeal, the defendant must show, by a preponderance of the evidence, that "the failure to file a timely notice of appeal was not due to the fault of the defendant" and "the defendant has been diligent in requesting permission to file a belated notice of appeal." Ind. Post-Conviction Rule 2(1)(a); *Moshenek*, 868 N.E.2d at 422-23. "There are no set standards of fault or diligence, and each case turns on its own facts." *Moshenek*, 868 N.E.2d at 423. "Because diligence and relative fault are fact sensitive, we give substantial deference to the trial court's ruling." *Id*. "The

trial court is in a better position to weigh evidence, assess the credibility of witnesses, and draw inferences." *Id*. at 424.

[17] Sanford challenges the trial court's finding that he did not carry his burden to establish that he was diligent in seeking an appeal. Several factors are relevant in determining whether a defendant was diligent. "Among them are the overall passage of time; the extent to which the defendant was aware of relevant facts; and the degree to which delays are attributable to other parties." *Id*.; *see also Cole v. State*, 989 N.E.2d 828, 831 (Ind. Ct. App. 2013), *trans. denied*; *Russell v. State*, 970 N.E.2d 156, 160 (Ind. Ct. App. 2012), *trans. denied*; *Bosley v. State*, 871 N.E.2d 999, 1002 (Ind. Ct. App. 2007).[1] "When the overall time stretches into decades, a belated appeal becomes particularly problematic because of the risk that significant problems will be encountered in any retrial due to unavailable evidence or witnesses or failing memories." *Moshenek*, 868 N.E.2d at 424.

[18] Here, the trial court found that Sanford had failed to show that he was diligent because he made no attempt to either obtain transcripts or make any other filings for almost nine and a half years between November 1995, when he filed a motion for transcripts, and March 2005, when he filed another motion for transcripts. Sanford asserts that the trial court's finding that he was not diligent is erroneous as a matter of law because he cannot be faulted for failing to pursue a challenge to his sentence when he did not have the transcripts.

---

[1] The parties refer to other factors, but those factors relate to the determination of fault, which is not in issue here.

Although we understand Sanford's frustration with the repeated denials of his requests for transcripts between February 1991 and November 1995, the lack of progress during that time does not explain the following nine years of inaction that passed before he contacted the public defender for advice in 2004.[2]

[19] The trial court also found that Sanford delayed filing his PCR petition until July 2006 even though he learned in February 2004 from the public defender that once he filed his PCR petition he would be able to obtain his transcripts and could amend his PCR petition. Sanford argues that he reasonably did not follow the public defender's guidance because he "wasn't ready to proceed" and "did [not] want to put something into court that was going to [get him] procedurally rejected out because it was factually untrue or incorrect." Tr. at 27. Sanford's argument is unavailing on appeal because the trial court, not this Court, was in the best position to assess the credibility of Sanford's testimony, and its ruling is entitled to substantial deference. *See Moshenek*, 868 N.E.2d at

---

[2] Sanford also argues that prior to our supreme court's ruling in *Collins v. State*, 817 N.E.2d 230 (Ind. 2004), Indiana law permitted a defendant to challenge a sentence without a showing of diligence via a PCR petition, and therefore, as a matter of law, he was diligent prior to *Collins* for purposes of obtaining permission to file a belated notice of appeal. In *Collins*, our supreme court resolved a split in the Court of Appeals as to whether a challenge to a sentence imposed following an open plea must be brought as a direct appeal or by a PCR petition and held that the proper procedure for challenging an open sentence was by direct appeal. *Id*. at 233. With regard to whether pre-*Collins* diligence is required for a post-*Collins* petition for permission to file a belated appeal, we observe that our supreme court has held that defendants who had not sought to challenge their sentences through a PCR petition before *Collins* had not been diligent and their post-*Collins* petitions for permission to file belated appeal were denied. *See Witt v. State*, 867 N.E.2d 1279, 1282 (Ind. 2007) (defendant who had not filed PCR petition before *Collins* and did not seek permission to file belated notice of appeal until nineteen months after *Collins* was not diligent); *Moshenek*, 868 N.E.2d at 424 (defendant who had not challenged his sentence in pre-*Collins* PCR petition was not diligent). And in *Johnson v. State*, 898 N.E.2d 290 (Ind. 2008), our supreme court found that Johnson acted with diligence where his PCR petition explicitly challenging his sentence was filed "within a reasonable period of time under pre-*Collins* practice." *Id*. at 292. Accordingly, we reject Sanford's notion that prior to *Collins* he was diligent as a matter of law.

424. Therefore, we conclude that the trial court did not abuse its discretion in finding that Sanford failed to prove that he was diligent in seeking an appeal.

## Section 2 – Sanford is not entitled to directly appeal his sentence due to extraordinarily compelling circumstances.

[20] Sanford next contends that pursuant to *O.R.*, 16 N.E.3d 965, his right to appeal may be restored. In *O.R.*, our supreme court addressed whether a father's failure to timely file an appeal of an order granting an adoption petition in favor of the foster parents deprived the appellate courts of jurisdiction over the appeal. The *O.R.* court began with an examination of Indiana Appellate Rule 9(A) which reads,

> A party initiates an appeal by filing a Notice of Appeal with the Clerk ... within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary. * * * Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited *except as provided by P.C.R. 2.*

(Emphasis added.) The *O.R.* court explained that a party's forfeiture of the right to appeal does not mean that the appellate courts lose their authority to hear the appeal. 16 N.E.3d at 971. Rather, the question becomes whether there are "extraordinarily compelling reasons" why this forfeited right should be

restored.[3] *Id.* Sanford asserts that such reasons exist in this case, and therefore his forfeited right to appeal his sentence should be restored.

[21] The State asserts that "[n]othing in the Supreme Court's decision suggests that it was meant to apply where a specific rule establishing the requirements for pursuing a belated appeal already exists." Appellee's Br. at 18. We agree. Appellate Rule 9 provides that the right to appeal shall be forfeited except as provided by Post-Conviction Rule 2. Thus, criminal defendants already have a means whereby an untimely appeal may be restored and that is by filing a petition for permission to file a belated notice of appeal pursuant to Post-Conviction Rule 2. Parties in a civil action do not have such a built-in safety valve. *O.R.* provides civil litigants a means by which the right to appeal may be restored that is otherwise unavailable in the Indiana Rules of Court. In fact, the showing required for criminal defendants under Post-Conviction Rule 2–lack of fault and diligence–is easier to satisfy than that required for civil litigants under *O.R.* Accordingly, we decline to extend *O.R.* to criminal defendants who are eligible to avail themselves of Post-Conviction Rule 2.

---

[3] The *O.R.* court concluded that such extraordinarily compelling reasons existed in that case. First, before the deadline for filing his notice of appeal, father asked the trial court to appoint counsel to perfect an appeal, but the trial court did not do so until after the deadline had passed. Second, the parent-child relationship is one of the oldest of the fundamental liberty interests protected by the Fourteenth Amendment and also one of the most valued relationships in our culture. 16 N.E.3d at 972. Therefore the *O.R.* court concluded that father's "otherwise forfeited appeal deserve[d] a determination on the merits." *Id.*

Based on the foregoing, we affirm the trial court's denial of Sanford's petition for permission to file a belated notice of appeal.

Affirmed.

Vaidik, C.J., and Bailey, J., concur.