ATTORNEYS FOR APPELLANT
Stephen T. Owens
Public Defender of Indiana

James T. Acklin
Chief Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

FILED

Apr 27 2016, 10:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 49S05-1604-PC-210

RONALD L. SANFORD, JR.,

*Appellant (Petitioner below),*

v.

STATE OF INDIANA,

*Appellee (Respondent below).*

Appeal from the Marion Superior Court, No. 49G04-8804-PC-40167
The Honorable Lisa F. Borges, Judge
The Honorable Anne Flannelly, Magistrate

On Petition to Transfer from the Indiana Court of Appeals, No. 49A05-1506-PC-485

**April 27, 2016**

**Per Curiam.**

In 1987, thirteen-year-old Ronald Sanford and a friend forced their way into the home of Sanford's elderly neighbors, robbed them, and stabbed them to death. The State initially charged Sanford as a juvenile, but he was waived into adult court and charged with multiple felonies, including two counts of murder. Represented by a public defender, Sanford pleaded guilty to two

counts of murder, one count of class A felony robbery, and one count of class B felony burglary, and the State dismissed the remaining counts. The plea agreement left sentencing to the discretion of the trial court, and in 1989, when Sanford was fifteen, the court sentenced Sanford to an aggregate term of 170 years in the Department of Correction. The trial court never advised him that he had the right to appeal his sentence.

Beginning in 1991, Sanford attempted to obtain his trial court transcripts to prepare a petition for post-conviction relief. Over the next four and a half years, all six of Sanford's requests for transcripts were denied. After these repeated denials, Sanford felt he had reached a dead end. Then, beginning in 2004, Sanford again began seeking copies of his transcripts and other case filings. His motion requesting transcripts was denied by the trial court. His public records request to the Marion County Clerk's Office could not be fulfilled because the original case file and the microfilm were missing from the clerk's records. Sanford thus received only copies of filings made beginning in 2005. In July 2006, Sanford filed a *pro se* PCR petition and request for transcripts. The trial court granted his request for transcripts, but nearly two years later Sanford still had not received the transcript of his plea hearing, and after filing multiple continuances in the PCR court, he moved for and was granted permission to withdraw his petition without prejudice. In January 2010, Sanford moved to compel compliance with the trial court's 2006 order for transcripts, but the trial court denied his motion because by that point, his PCR petition had been withdrawn. In June 2011, Sanford again filed a *pro se* PCR petition. The trial court appointed the State Public Defender to represent Sanford, and counsel requested continuances of the PCR hearing.

In February 2015, Sanford, by counsel, filed a petition for permission to file a belated Notice of Appeal under Indiana Post-Conviction Rule 2.[1] The trial court held Sanford's PCR petition in abeyance, and in April 2015, held a hearing on his Post-Conviction Rule 2 petition. The trial court denied Sanford's petition and the Court of Appeals affirmed. Sanford v. State, --- N.E.3d ---, 2016 WL 359283 (Ind. Ct. App. Jan. 29, 2016). Sanford now asks this Court to grant transfer and permit him to file a belated Notice of Appeal to appeal his sentence.

---

[1] In short (as relevant here), Post-Conviction Rule 2 provides an avenue by which certain criminal defendants may pursue a direct appeal after the time for filing a Notice of Appeal has expired.

A court will grant a defendant permission to file a belated Notice of Appeal under Post-Conviction Rule 2 if the defendant's failure to file a timely Notice of Appeal was not his or her fault, and if the defendant has been diligent in requesting permission to file a belated Notice of Appeal under the Rule. Under the unique circumstances of this case, we find that Sanford should be permitted to file a belated Notice of Appeal. Accordingly, we grant transfer, reverse the judgment of the trial court, and remand with instructions to grant Sanford's Post-Conviction Rule 2 petition. In all other respects we summarily affirm the Court of Appeals' decision. *See* Ind. Appellate Rule 58(A)(2).

All Justices concur.