## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 16 2020, 7:42 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher J. Petersen
Goshen, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan M. Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Aquila A. Binion,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

November 16, 2020

Court of Appeals Case No.
19A-CR-2688

Appeal from the Elkhart Superior Court

The Honorable Gretchen S. Lund, Judge

The Honorable Eric S. Ditton, Magistrate

Trial Court Cause No.
20D04-1805-CM-942

**May, Judge.**

[1] Aquila A. Binion appeals the trial court's denial of his motion to file a belated notice of appeal. We affirm.

# Facts and Procedural History

[2] On April 27, 2018, Patrolman Alex Kelly of the Elkhart County Sheriff's Office initiated a traffic stop of Binion's vehicle. Patrolman Kelly discovered synthetic marijuana in Binion's vehicle and determined that Binion's driving license was suspended. He arrested Binion, and the State charged Binion with Class A misdemeanor possession of a synthetic drug[1] and Class A misdemeanor driving while suspended.[2] Binion stated at his initial hearing that he intended to hire private counsel, but he subsequently failed to do so. The trial court eventually appointed counsel to represent Binion.

[3] On December 12, 2018, Binion requested to proceed as a self-represented litigant, and the trial court granted his request. The trial court held a bench trial on June 17, 2019, and found Binion guilty of both charges. The trial court held a sentencing hearing on July 5, 2019. The trial court imposed a 365-day sentence, with 305 days suspended to probation, and the trial court advised Binion:

> You have the right to appeal the convictions and the sentence imposed herein. In order to do so, you must file either a notice

---

[1] Ind. Code § 35-48-4-11.5 (2014).

[2] Ind. Code § 9-24-19-2.

of appeal or a motion to correct error within thirty (30) days of this date. If you elect to file a motion to correct error you must file your notice of appeal within thirty (30) days of an adverse ruling on that motion. Failure to comply with these requirements will result in the forfeiture of your right to appeal. You have a right to be represented by counsel at all stages of these proceedings, including any appeal which you might wish to pursue. If you are unable to afford an attorney, I am obligated to appoint one to represent you at no cost to you during your appeal.

(Tr. Vol. I at 23.) Binion said he intended to appeal and wished to hire private counsel for the appeal.

[4] At the close of the sentencing hearing, the trial court reminded Binion, "please don't blow your deadline for having an attorney hired and filing your notice of appeal, if you want to appeal this. There are very strict deadlines and I read them to you." (*Id*. at 26-27.) The trial court awarded Binion credit for the time he spent in custody prior to sentencing, and Binion served eleven additional days in the Elkhart County Jail to complete the executed portion of his sentence. Binion did not file a motion to correct error or a notice of appeal before the deadline to initiate his appeal, August 5, 2019. [3]

[5] Officers arrested Binion in St. Joseph County on September 15, 2019, and the State charged Binion with Level 5 felony Intimidation[4] and Level 6 felony

---

[3] August 4, 2019 was a Sunday, and therefore, Binion's deadline to file a notice of appeal was extended to the following business day. *See* Ind. Appellate Rule 25.

[4] Ind. Code § 35-45-2-1.

Residential Entry[5] under cause number 71D02-1909-F5-000223.  The State also initiated proceedings to revoke Binion's probation.  On September 25, 2019, Binion filed a letter to the court in which he explained:

> At sentencing, I informed this Honorable Court that I was going to hire counsel for the filing of my direct appeal.  I was unable to hire counsel while serving the sixty [60] day sentence, or upon my release in August 2019.  Between August and September 15, 2019, I had a job at the Lauber, as a dishwasher, in South Bend, IN.  Still, I was unable to afford counsel because of back bills and my childrens [sic] needs, in preparation for school.  Also, on September 15, 2019, I was arrested and falsely accused, where I remain incarcerated.  I've diligently attempted to pursue an appeal but because of my indigency, I cannot afford counsel. Will you please, appoint indigent counsel to file a Belated Praecipe [sic]?

(App. Vol. II at 70.)  The trial court appointed counsel to represent Binion, and Binion filed a verified petition to file a belated notice of appeal on October 3, 2019.

[6]     On October 10, 2019, the trial court denied Binion's petition to file a belated notice of appeal without holding a hearing on the petition.  The trial court explained:

> During the two (2) months the Defendant was out of custody and at liberty after sentencing, he made no attempt to pursue an appeal.  He never requested the Court to appoint him a public defender, he never hired private counsel as he stated he would at

---

[5] Ind. Code § 35-43-2-1.5.

sentencing, he never filed a notice of appeal, he never filed a motion to correct error, and he never requested additional time within which to file an appeal after the expiration of thirty (30) days. In sum, the Court does not agree with the contention in the Petition that "The Defendant did not file a timely Notice of Appeal due to no fault of his own." It is only now, after he has been re-arrested on a new offense, that he requests an appeal. The timeframe within which to file an appeal has considerably lapsed and, because the Court does not find that the requirements of Section 1(a) of Rule PC 2 have been met, the Court must DENY permission for the Defendant to file a belated appeal.

(*Id*. at 88.)

# Discussion and Decision

We generally leave the decision whether to grant permission to file a belated notice of appeal to the sound discretion of the trial court. *Russell v. State*, 970 N.E.2d 156, 160 (Ind. Ct. App. 2012), *trans. denied*. However, when the trial court does not hold a hearing before ruling on the petition, we review the trial court's decision de novo. *Id*. A party has thirty days from the entry of final judgment on the chronological case summary or the denial of a motion to correct error to initiate an appeal by filing a notice of appeal with the clerk of this court. App. R. 9. If the party fails to file a notice of appeal by the deadline, "the right to appeal shall be forfeited except as provided by P.C.R. 2." *Id*.

Post-Conviction Rule 2 states:

(a) *Required Showings*. An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;

(1) the defendant failed to file a timely notice of appeal;

(2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and

(3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

\* \* \* \* \*

(c) *Factors in Granting or Denying Permission*. If the trial court finds that the requirements of Section 1(a) are met, it shall permit the defendant to file the belated notice of appeal. Otherwise, it shall deny permission.

The defendant bears the burden of proving by a preponderance of the evidence that he was not at fault for failing to timely file the notice of appeal and he diligently pursued permission to file a belated appeal. *Russell*, 970 N.E.2d at 160. There are no set standards for evaluating a defendant's lack of fault or diligence, but we look at factors such as "'the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay.'" *Id.* (quoting

*Moshenek v. State*, 868 N.E.2d 419, 423 (Ind. 2007), *reh'g denied*). We also consider the overall passage of time. *Id.*

[9] Binion chose to represent himself at trial, and he declined the trial court's invitation at sentencing to appoint appellate counsel. "It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. Thus, pro se litigants are bound to follow the established rules of procedure and must be prepared to accept the consequences of their failure to do so." *Core v. State*, 122 N.E.3d 974, 977 (Ind. Ct. App. 2019) (internal citation omitted). The trial court explained to Binion that he had thirty days to initiate an appeal, and the trial court reminded Binion about the importance of meeting his deadline at the end of the sentencing hearing.

[10] Binion asserts that he had trouble retaining private counsel because of his incarceration and therefore did not timely initiate his appeal. However, even while serving the eleven-day executed portion of his sentence in the Elkhart County jail, Binion could have either filed a motion with the trial court requesting the appointment of appellate counsel or filed a notice of appeal pro se. After Binion was released from the Elkhart County jail, he did not initiate an appeal or immediately contact the court requesting counsel. Binion waited until September 25, 2019, to ask the court to appoint counsel to represent him on appeal, and he ultimately did not file his petition to pursue a belated appeal until October 3, 2019. He sought the appointment of appellate counsel only after he was arrested on unrelated charges and the State moved to revoke his

probation in the instant case. Consequently, Binion failed to satisfy Post-Conviction Rule 2's requirements that he prove by a preponderance of the evidence he was not at fault for the failure to timely file a notice of appeal and he diligently pursued permission to file a belated notice of appeal. *See Cole v. State*, 989 N.E.2d 828, 831 (Ind. Ct. App. 2013) (holding defendant was not diligent in pursuing a belated notice of appeal), *trans. denied*.

# Conclusion

[11] The trial court did not err in denying Binion's motion to pursue a belated appeal because he failed to timely file a notice of appeal through his own negligence and he did not diligently pursue permission to file a belated notice of appeal. Therefore, we affirm the trial court.

[12] Affirmed.

Riley, J., and Altice, J., concur.