

FILED
Sep 19 2025, 10:05 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Bethany Cingel,

*Appellant-Petitioner*

v.

Gregory Ferreri,

*Appellee-Respondent*

---

September 19, 2025

Court of Appeals Case No.
25A-DC-500

Appeal from the Kosciusko Superior Court

The Honorable Christopher Kehler, Judge

Trial Court Cause No.
43D04-2401-DC-000022

---

**Opinion by Judge Felix**
Judges Vaidik and Tavitas concur.

**Felix, Judge.**

## Statement of the Case

In the order dissolving the marriage of Bethany Cingel and Gregory Ferreri, the trial court awarded the parties joint legal custody and Ferreri primary physical custody of their two children, and it denied Cingel's request to relocate with the children. The trial court also denied Cingel's subsequent motion to correct error. Cingel now appeals and raises several issues for our review regarding the trial court's decisions on custody, relocation, and the motion to correct error, but Cingel has waived her argument due to her significant noncompliance with Indiana Appellate Rule 46. Waiver notwithstanding, Cingel's arguments are without merit.

We affirm.

## Facts and Procedural History

On April 13, 2016, Cingel and Ferreri married, and on January 17, 2024, Cingel filed a petition to dissolve their marriage. On December 26, 2024, after a hearing, the trial court awarded the parties joint legal custody and Ferreri primary physical custody of the parties' two children (the "Children"), finding in relevant part that Cingel had repeatedly disregarded court orders and "seems more concerned with making [Ferreri] 'look bad'" than "with how her actions are affecting the children," Appellee's App. Vol. II at 62, 100. The trial court also denied Cingel's motion to relocate with the Children to Brownsburg,

Indiana, finding in relevant part that Cingel's "desire to relocate is realistically an attempt to thwart [Ferreri]'s parenting time." *Id.* at 58, 96.

[4] Thereafter, Cingel filed a motion to correct error, primarily asking the trial court to "reevaluate the weight and credibility given to certain evidence received throughout the pendency of the divorce and at the Final Hearing" and to "award her primary physical custody of the Children." Appellee's App. Vol. II at 124. The trial court denied that motion. This appeal ensued.

## Discussion and Decision

### Cingel Has Waived Her Appellate Claims by Failing to Substantially Comply with the Indiana Appellate Rules

[5] Cingel raises several issues on appeal regarding custody of the Children, her motion to relocate with the Children, and her motion to correct error. However, Cingel's arguments are waived due to her significant noncompliance with Appellate Rule 46. Although we have a well-established preference for deciding cases on their merits rather than on procedural grounds like waiver, *Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015) (quoting *Roberts v. Cmty. Hosps. of Ind., Inc.*, 897 N.E.2d 458, 469 (Ind. 2008)), if a party's failure to comply with the Appellate Rules is "sufficiently substantial to impede our consideration of the issue raised," we will not address the merits of that issue, *id.* (quoting *Guardiola v. State*, 375 N.E.2d 1105, 1107 (Ind. 1978)).

[6] The purpose of our appellate rules—especially Appellate Rule 46 governing the content of briefs—"is to aid and expedite review and *to relieve the appellate court*

*of the burden of searching the record and briefing the case.*" *Miller v. Patel*, 212 N.E.3d 639, 657 (Ind. 2023) (emphasis added) (quoting *Dridi v. Cole Kline LLC*, 172 N.E.3d 361, 364 (Ind. Ct. App. 2021)). For instance, a party's analysis of an issue on appeal must be supported in relevant part by citations to the Appendix or parts of the Record on Appeal upon which the party relies. Ind. Appellate Rule 46(A)(8)(a). We will not search the record to find a basis for the party's argument. *Carter ex rel. CNO Fin. Grp., Inc. v. Hilliard*, 970 N.E.2d 735, 755 (Ind. Ct. App. 2012) (citing *Nealy v. Am. Family Mut. Ins.*, 910 N.E.2d 842, 845 n.2 (Ind. Ct. App. 2009), *trans. denied*). A party's arguments must be supported by cogent reasoning and citations to legal authority. App. R. 46(A)(8)(a). "We will not step in the shoes of the advocate and fashion arguments on his behalf, 'nor will we address arguments' that are 'too poorly developed or improperly expressed to be understood.'" *Miller*, 212 N.E.3d at 657 (quoting *Dridi*, 172 N.E.3d at 364).

[7] Cingel's choice to proceed pro se does not minimize or negate these requirements. As a pro se litigant, Cingel is "'held to the same standards as a trained attorney' and 'afforded no inherent leniency simply by virtue of being self-represented.'" *Auto. Fin. Corp. v. Liu*, 250 N.E.3d 406, 410 (Ind. 2025) (quoting *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014)).

[8] Cingel fails to provide citations to the record for numerous statements of fact in her Statement of Case, and Statement of Facts, as required by Appellate Rules 46(A)(5) and 46(A)(6)(a), respectively. To the extent Cingel does provide citations to the record, many of those citations are to individual documents

rather than the record.[1]  While these failures alone likely would not have significantly impeded our review of Cingel's appellate claims, her reliance on *nonexistent* legal authorities as well as her incorrect citations to and descriptions of other legal authorities did significantly impede our review.

[9]  Cingel cites 23 legal authorities in her Argument:  12 Indiana cases, 6 Indiana statutes, and 5 Indiana rules.  Of those 23 legal authorities, 14 do not exist.  The 14 nonexistent authorities include 11 cases, 2 statutes, and 1 trial rule.  For example, in support of her statement that custody decisions are reviewed for an abuse of discretion, Cingel cites "*In re Marriage of Dunston*, 989 N.E.2d 830, 835 (Ind. Ct. App. 2013)."  Appellant's Br. at 9.  This case appears to not exist.  The reporter citation provided—"989 N.E.2d 830"—leads to *Cole v. State*, 989 N.E.2d 828 (Ind. Ct. App. 2013) (beginning on page 828, ending on page 831).  The pincite provided—989 N.E.2d at 835—leads to *Parish v. State*, 989 N.E.2d 831 (Ind. Ct. App. 2013) (beginning on page 831, ending on page 839).  A search of Indiana cases for "Dunston" returned no relevant results.

[10]  Additionally, Cingel asserts that "[u]nder Ind[iana] Code § 31-17-2.5-1, the court must determine custody based on the best interests of the child," and in support, she cites to "*McCain v. State*, 924 N.E.2d 56, 60 (Ind. 2009)."  Appellant's Br. at 9; *see also id.* at 14.  Indiana Code section "31-17-2.5-1" does not exist; the applicable statute is Indiana Code section 31-17-2-8.  Moreover,

---

[1] Despite relying on materials in the Clerk's Record, Cingel failed to file an appendix in this case as required by Appellate Rule 50(A).

"*McCain v. State*, 924 N.E.2d 56, 60 (Ind. 2009)" appears to not exist. The reporter citation provided—"924 N.E.2d 56"—leads to *White v. Garlock Sealing Technologies, LLC*, 924 N.E.2d 53 (Ill. App. Ct. 2010) (beginning on page 53, ending on page 67). The Indiana Supreme Court has decided several criminal cases with the name "*McCain v. State*," but none of those cases were decided in 2009. *See McCain v. State*, 148 N.E.3d 977 (Ind. 2020); *McCain v. State*, 88 N.E.3d 1066 (Ind. 2018); *see also McCain v. State*, 962 N.E.2d 642 (Ind. 2011) (denying transfer); *McCain v. State*, 841 N.E.2d 184 (Ind. 2005) (denying transfer).

[11]     Cingel also cites to and purports to quote from "Indiana Code § 31-17-2.2-23(a)," Appellant's Br. at 16, but no such statute exists. Likewise, Cingel cites to "Trial Rule 60.1" and "Trial Rule 60.1(A)" in support of statements concerning alleged procedural requirements for custody modifications. Appellant's Br. at 11. "Trial Rule 60.1" does not exist, and the Indiana Trial Rules do not include any requirements for custody modification procedures.

[12]     Of the nine legal authorities Cingel cites that do exist, six are incorrectly cited or described. For instance, Cingel cites "*Bowman v. Bowman*, 682 N.E.2d 23, 28 (Ind. Ct. App. 1997)" to support statements regarding (1) admissibility of guardian ad litem reports, (2) a trial court's reliance on such reports, and (3) the specificity with which a trial court must make findings regarding a substantial change in circumstances justifying a custody modification. Appellant's Br. at 9–10. The reporter citation provided for "*Bowman v. Bowman*"—"682 N.E.2d 23"—leads to *Fowler v. Williams County Commissioners*, 682 N.E.2d 20 (Ohio Ct.

App. 1996) (beginning on page 20, ending on page 31). The Indiana Court of Appeals did decide a case named "*Bowman v. Bowman*" in 1997, and that case did deal in part with the admission of a guardian ad litem report: *Bowman v. Bowman*, 686 N.E.2d 921, 924–25 (Ind. Ct. App. 1997). However, that case did not concern how specific a trial court's findings need to be concerning the occurrence of a substantial change in circumstances. *See Bowman*, 686 N.E.2d at 925–27.

[13] Furthermore, Cingel states that Indiana Code section 31-17-2.2-1(a) provides that "a custodial parent seeking to relocate must provide sixty days' notice to the noncustodial parent." Appellant's Br. at 14. Indiana Code section 31-17-2.2-1(a) does not address *when* a notice of intent to relocate must be filed; instead, it addresses *where* such a notice must be filed. Indiana Code section 31-17-2.2-3 is the statute governing when a notice of intent to relocate must be filed. Similarly, Cingel relies on Indiana Code section 31-17-2.2-1(b) for the proposition that the noncustodial parent "bears the burden of proving by a preponderance of the evidence that the move is harmful to the child's best interests," and for the factors the court considers in deciding on the relocation. Appellant's Br. at 14. Indiana Code section 31-17-2.2-1(b) concerns only the circumstances in which a relocating individual is not required to file a notice of intent to relocate. Indiana Code section 31-17-2.2-5 is the statute governing the noncustodial parent's burden of proof, and Indiana Code section 31-17-2.2-1(c) is the provision governing the factors a court considers in determining whether to grant a relocation request.

Cingel also states Trial Rule 59(G) "requires express written orders or hearings on motions to correct errors," the trial court "must either conduct a hearing or enter a written order specifying the grounds for its ruling," and compliance with that rule is "reviewed for [an] abuse of discretion." Appellant's Br. at 17. Trial Rule 59(G) stands for none of these propositions; instead, it concerns cross errors.

Given Cingel's citations to nonexistent legal authorities and to real legal authorities that have nothing to do with the propositions they purport to support, it is likely that Cingel used generative artificial intelligence to draft her brief, either in whole or in part. "Citations to fictitious, AI-generated authority is a growing problem nationwide. Courts have sanctioned both attorneys and pro se litigants for including them in briefs." *Williams v. Kirch*, -- N.E.3d --, 2025 WL 2383623, at *2 (Ind. Ct. App. 2025) (citing *Mid Cent. Operating Eng'rs Health & Welfare Fund v. HoosierVac LLC*, No. 2:24-CV-00326-JPH-MJD, 2025 WL 1511211, at *2 (S.D. Ind. May 28, 2025); *Kruse v. Karlen*, 692 S.W.3d 43 (Mo. Ct. App. 2024), *reh'g and/or trans. denied* (Apr. 9, 2024)); *see also Shahid v. Esaam*, 918 S.E.2d 198 (Ga. Ct. App. 2025); *Garces v. Hernandez*, No. 25-50342, 2025 WL 2401001, at *2 (5th Cir. Aug. 19, 2025), *cert. pending*, No. 25-5558; *In re S.M.*, 2025 WL 2301801, at *6–7, No. 4-25-0277, slip op. at ¶¶ 28–34 (Ill. App. Ct. Aug. 7, 2025). "We caution attorneys and pro se litigants alike against using AI to conduct legal research without independently verifying the citations generated. Judges must be able to rely on the authenticity of the authorities

cited by the parties to make just decisions." *Williams*, -- N.E.3d at --, 2025 WL 2383623, at *2.

[16] Waiver notwithstanding, even if we were able to move past all these procedural deficiencies, Cingel's unsupported arguments are groundless. For example, Cingel explicitly asks us to reassess witness credibility and give her testimony more weight than that of other witnesses, Appellant's Br. at 13–14, but it is well-established that we can neither reweigh the evidence nor reassess witness credibility when reviewing custody and relocation decisions, *Steele-Giri v. Steele*, 51 N.E.3d 119, 125 (Ind. 2016) (quoting *Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011)).

[17] In addition, Cingel asserts that the trial court's December 26 order "denied relocation without any evidentiary hearing or consideration of the statutory factors." Appellant's Br. at 11 (citing "Final Findings ¶¶ 3, 6"); *see also id.* at 12. This is patently untrue. On October 22, 2024, the trial court held an evidentiary hearing—beginning at 8:58 a.m. and ending at 4:20 p.m.—on Cingel's notice of intent to relocate with the Children, among other pending matters. Cingel testified at this hearing, and her testimony spans more than 130 pages of the 202-page transcript of this hearing. Approximately three pages of the trial court's December 26 order were dedicated to Cingel's requested relocation and include the following relevant findings and conclusions:

> 38. Mother has no significant family supports and no employment prospects in Brownsburg, Indiana. Mother has no significant connection to the Brownsburg, Indiana community.

39. Mother testified that one of the reasons she moved to Brownsburg was to be near her friend. She also testified that she is no longer friends with that individual.

40. In order to maintain consistent therapy for the children, Mother's relocation of the parties' minor children to Brownsburg will undoubtedly necessitate a change in counselor(s).

41. Mother testified that commuting from Brownsburg to Warsaw for purposes of meeting Father to exchange the children for parenting time is difficult for the children.

42. The Court has considered all factors set forth in I.C. 31-17-2.2-1(c).

43. The Court has also considered and weighed the shifting burden set forth in I.C. 31-17-2.2-5(e) and (f).

 * * *

45. Having heard the evidence and testimony presented by all witnesses, . . . the Court does not believe Mother's relocation with the minor children to Brownsburg, Indiana was made in good faith and does not believe it was made for a legitimate reason, and is not in the best interest of the children. . . .

46. Even if it were determined that Mother had presented that her desire to relocate was in good faith and for a legitimate reason . . . , the Court finds that Father has met his burden and has shown that Mother's proposed relocation is not in the children's best interest.

Appellee's App. Vol. II at 57–58, 95–96. Cingel's blatant misrepresentation of the trial court's December 26 order violates Appellate Rules 22(C) and 46(A)(8)(a).

[18] Cingel's briefing errors are significant and substantially impeded our review of her claims, so her claims are waived. Waiver notwithstanding, Cingel's claims are without merit. We therefore affirm the trial court on all issues raised.

[19] Affirmed.

Vaidik, J., and Tavitas, J., concur.

APPELLANT PRO SE

Bethany Cingel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Elizabeth A. Deckard
Delaney M. Mayer
Bloom Gates Shipman & Whiteleather, LLP
Columbia City, Indiana