ATTORNEY FOR APPELLANT
Teresa D. Harper
Bloomington, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Kelly A. Miklos
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 42S04-0706-PC-244

DAVID L. MOSHENEK,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Knox Superior Court, No. 42D01-8808-CF-026
The Honorable Timothy Crowley, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 42A04-0511-PC-686

**June 20, 2007**

**Boehm, Justice.**

We hold that a trial court's ruling on a petition for permission to seek relief under Post-Conviction Rule 2 should be affirmed unless it was based on an error of law or a clearly erroneous factual determination. Moreover, if the trial court did not advise a defendant of the right to appeal the sentence in an "open plea," that may well suffice to meet the lack of fault requirement under Post-Conviction Rule 2 depending on other evidence, but the defendant must make some additional showing to establish diligence.

**Factual and Procedural Background**

On August 28, 1988, twenty-one year old David Moshenek followed Anthony Barrix as Barrix drove from the house of Heidi Sutton, whom Moshenek had dated for over two years. Moshenek forced Barrix's car off the road, and the two started to fight. Ultimately Moshenek stabbed Barrix repeatedly with a knife, and Barrix, who was unarmed, died at the scene. Moshenek then put Barrix's body in Barrix's car and drove to a shed behind Moshenek's home, where he buried the body the next morning.

Two days later the State charged Moshenek with murder, and the next week Moshenek filed a notice of his intent to pursue an insanity defense. The State requested the death penalty several months later. On January 10, 1989, Moshenek orally moved to enter a plea of guilty of murder. At the plea hearing, the trial court advised Moshenek that he would give up his right to appeal his conviction by pleading guilty, but there was no reference to the right to appeal his sentence. Moshenek then admitted to stabbing Barrix "repeatedly" in an encounter over the woman Moshenek had once dated. The trial court accepted Moshenek's plea, found him guilty of murder, and entered a judgment of conviction.

On January 31, 1989, the trial court held a sentencing hearing and found that the State had failed to prove beyond a reasonable doubt either of the two aggravating circumstances alleged in support of the death sentence. The trial court found two non-eligibility aggravating circumstances: (1) the victim's 101 stab wounds indicated that the defendant was capable of "extreme and heinous violence" and (2) the defendant's capacity for extreme and deadly violence from a "seemingly quite [sic], serious, hardworking, studious, and polite individual" indicated that the public needed protection from him for as long as possible. The trial court found two mitigating circumstances—the defendant's lack of criminal history and the emotional strain that could have weakened the defendant's ability to control his behavior. The trial court found that the aggravating circumstances significantly outweighed the mitigators and sentenced Moshenek to the maximum term of sixty years.

In the year following his sentencing, Moshenek filed two pro se motions requesting transcripts of the proceedings from the trial court and stating his intent to seek post-conviction relief. The transcripts were supplied in February of 1991. On January 14, 1994, Moshenek filed a pro

2

se petition for post-conviction relief under Post-Conviction Rule 1. He asserted four grounds for relief, including a claim that his counsel was ineffective for failing to properly investigate sentencing matters. The petition did not, however, directly challenge his sentence. Moshenek requested that a public defender represent him, and over the next three years, four deputy public defenders filed appearances for Moshenek in the post-conviction proceedings. On November 23, 1998, Moshenek's counsel in this appeal became the fifth.

On February 3, 2005, with the post-conviction proceeding still pending, Moshenek filed a petition for permission to file a belated motion to correct error under Post-Conviction Rule 2. We assume this represented an effort to invoke the limits on aggravated sentences imposed by Blakely v. Washington, 542 U.S. 296 (2004). As we hold in Gutermuth v. State, No. 10S01-0608-CR-306, ___ N.E.2d ___ (Ind. June 20, 2007), also decided today, Blakely is not applicable to Moshenek's 1991 conviction and sentence. But for our purposes today, the issue is only whether Moshenek met the requirements of diligence and lack of fault in presenting this claim under Post-Conviction Rule 2.

Moshenek's petition for leave to file a belated motion to correct error addressed the diligence and fault issues by alleging, among other things, that (1) the trial court did not advise him of the right to appeal his sentence; (2) he had always desired to challenge his conviction and sentence; (3) he had filed a pro se petition for post-conviction relief in 1994; (4) he had been diligent in the pursuit of relief of any errors in his sentence; (5) any delay was "occasioned by counsel's other responsibilities"; and (6) Collins v. State, 817 N.E.2d 230 (Ind. 2004) recently made clear that the proper vehicle for raising a sentencing issue was a direct appeal and not a post-conviction proceeding.

At the hearing on the petition, Moshenek testified that he had obtained the transcripts with the intent to attack both his conviction and his sentence in post-conviction relief. He also testified that he had never filed any document challenging his sentence because he relied on his various lawyers, to whom he had "always" expressed a desire to challenge his sentence. The trial court denied the petition, finding that Moshenek had not been diligent in requesting permission to file a belated motion to correct error as required by Post-Conviction Rule 2.

The Court of Appeals reversed, finding that the trial court abused its discretion in denying Moshenek permission to seek relief under Post-Conviction Rule 2.[1] Moshenek v. State, 851 N.E.2d 339 (Ind. Ct. App. 2006). The State seeks transfer, which is granted by order concurrent with this opinion.

**Post-Conviction Rule 2**

Indiana Post-Conviction Rule 2(1) provides a defendant an opportunity to petition the trial court for permission to file a belated notice of appeal. It provides

> Where an eligible defendant[2] convicted after a trial or plea of guilty fails to file a timely notice of appeal, a petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court where:
>
> (a) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (b) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule

It includes the same requirements of diligence and lack of fault for a belated motion to correct error. P-C.R. 2(2). Post-Conviction Rule 2 also gives a defendant the right to appeal a trial court's denial of permission to file a belated notice of appeal or motion to correct error. Davis v. State, 771 N.E.2d 647, 649 (Ind. 2002).

In Collins v. State, we held that the proper procedure for contesting a trial court's sentencing decision where the trial court has exercised sentencing discretion was a direct appeal and not a proceeding under Post-Conviction Rule 1. 817 N.E.2d at 231-32. We also noted that an individual who failed to file a timely notice of appeal could petition for permission to file an ap-

---

[1] The Court of Appeals refers to Moshenek's petition as a petition for leave to file a belated notice of appeal. Moshenek's petition was a petition to file a belated motion to correct error. For our purposes, there is no difference between the two. Both types of petitions arise under Post-Conviction Rule 2, and both impose the same standards of diligence and lack of fault on the part of the defendant. See P-C.R. 2(1), (2).

[2] An "eligible defendant" is defined under the rule as "a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal." P-C.R. 2.

peal under Post-Conviction Rule 2 if the individual met the standards set forth in the Rule. Id. at 233.

The decision whether to grant permission to file a belated notice of appeal or belated motion to correct error is within the sound discretion of the trial court. George v. State, 862 N.E.2d 260, 264 (Ind. Ct. App. 2006); see also Whitmire v. State, 498 N.E.2d 380, 381 (Ind. 1986). The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated motion to appeal. Witt v. State, No. 45S00-0608-CR-283, 2007 WL 1684697, at *2 (Ind. June 12, 2007); Dobeski v. State, 275 Ind. 662, 665, 419 N.E.2d 753, 755 (1981) (citing Zellers v. State, 271 Ind. 22, 389 N.E.2d 299 (1979)). There are no set standards of fault or diligence, and each case turns on its own facts. Land v. State, 640 N.E.2d 106, 108 (Ind. Ct. App. 1994). Several factors are relevant to the defendant's diligence and lack of fault in the delay of filing. These include "the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay." Id. (citing Tredway v. State, 579 N.E.2d 88, 90 (Ind. Ct. App. 1991)).

Because diligence and relative fault are fact sensitive, we give substantial deference to the trial court's ruling. The Court of Appeals acknowledged that deference but concluded that Moshenek had established by a preponderance of the evidence that he had been diligent in his effort to challenge the sentence. It was therefore an abuse of discretion to deny Moshenek permission to file a belated motion to appeal. Moshenek, 851 N.E.2d at 342, 344. Sixteen years elapsed between Moshenek's conviction and his filing for relief under Post-Conviction Rule 2. In evaluating whether or not Moshenek was diligent and without fault in this delay, the Court of Appeals noted Moshenek's testimony that he had consistently informed his counsel of his desire to challenge his sentence and that prior to Collins he had believed that any challenge to his sentence must be raised in his pending post-conviction proceeding, which was in the hands of his counsel. Moshenek, 851 N.E.2d at 343. The court also pointed out that Moshenek was advised by the trial court that by pleading guilty he was giving up his right to appeal his conviction but he was never advised by the trial court of his right to appeal his sentence. Id. at 343.

The State argued that Moshenek had not addressed his sentence in any of his pleadings over the sixteen-year period. The State also pointed to a period of seven years in which Moshenek did nothing to seek permission to file a belated appeal. Id. The Court of Appeals found that language from our decision in Kling v. State, 837 N.E.2d 502 (Ind. 2005) addressed those arguments. In Kling, we held that a challenge to a sentence that had been presented in a Post-Conviction Rule 1 proceeding before Collins was sufficient to establish that the petitioner was diligent. We also held that "the time spent by the State Public Defender investigating a claim" was not the fault of the defendant. Id. at 508. The Court of Appeals finally pointed to its recent decision in Baysinger v. State, 835 N.E.2d 223 (Ind. Ct. App. 2005), where the court found that a defendant was entitled to file a belated notice of appeal even though the defendant had made no effort to challenge his sentence for four years. Moshenek, 851 N.E.2d at 344. In Baysinger, the trial court had told the defendant that he was giving up "most" of his grounds for appeal but did not inform him of his right to appeal his sentence. 835 N.E.2d at 226. The defendant also asserted that his trial counsel had not informed him of his right to appeal his sentence. Id. The court found that these two facts established that the defendant was without fault in failing to file a timely notice of appeal. Id. It also determined that the defendant was diligent in seeking permission to file a belated appeal because he had filed for permission shortly after we handed down the Collins decision. Id.

A trial court's ruling on a petition for permission to file a belated notice of appeal under Post-Conviction Rule 2 will be affirmed unless it was based on an error of law or a clearly erroneous factual determination (often described in shorthand as "abuse of discretion"). See Townsend v. State, 843 N.E.2d 972, 974 (Ind. Ct. App. 2006). The trial court is in a better position to weigh evidence, assess the credibility of witnesses, and draw inferences. Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004). In Baysinger, the trial court did not hold a hearing before denying the defendant's petition for permission to file a belated notice of appeal. 835 N.E.2d at 224. The Court of Appeals owed no deference to the trial court's factual determinations because they were based on a paper record. See Houser v. State, 678 N.E.2d 95, 98 (Ind. 1997). In the present case, however, the trial court did hold a hearing on Moshenek's petition for permission to file a belated motion to correct error.

6

There is substantial room for debate as to what constitutes diligence and lack of fault on the part of the defendant as those terms appear in Post-Conviction Rule 2. Several points may be made, however. In order to meet the requirements of Post-Conviction Rule 2, it is not sufficient to point only to the fact that the trial court did not advise the defendant of the right to appeal a sentence after an "open plea." The right to appeal a sentence is not among those rights of which a trial court is required to inform a defendant before accepting a guilty plea. Ind. Code § 35-35-1-2 (2004); see also Garcia v. State, 466 N.E.2d 33, 34 (Ind. 1984). The fact that a trial court did not advise a defendant about this right can establish that the defendant was without fault in the delay of filing a timely appeal. However, a defendant still must establish diligence. Several factors are relevant to this inquiry. Among them are the overall passage of time; the extent to which the defendant was aware of relevant facts; and the degree to which delays are attributable to other parties, as, in Moshenek's case, the preparation of transcripts. When the overall time stretches into decades, a belated appeal becomes particularly problematic because of the risk that significant problems will be encountered in any retrial due to unavailable evidence or witnesses or failing memories.

As Kling held, a pre-Collins Post-Conviction Rule 1 challenge to a sentence can serve to establish diligence, but Moshenek's Post-Conviction Rule 1 petition did not attack his sentence. The trial court did not abuse its discretion in determining that Moshenek had not been diligent. Moshenek waited three years from the receipt of his transcripts before filing his initial petition for post-conviction relief. When he did file, his petition did not challenge his sentence. Moshenek testified that he had constantly informed his lawyers of his desire to challenge his sentence and had relied on his counsel to make that claim. But he raised no challenge to his sentence in the three years before he requested a public defender. It was not clearly erroneous for the trial court to determine that an eleven-year span without any effort to raise a sentencing claim showed lack of diligence in pursuing a belated appeal.

**Conclusion**

The trial court's denial of permission to file a belated motion to correct error is affirmed.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.