**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MARK S. LENYO**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jan 11 2013, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DEJUAN T. LOWE | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1206-CR-264 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Roland W. Chamblee, Judge
Cause No. 71D08-0307-FA-49

**January 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Dejuan Lowe appeals his sentence following a guilty plea. Lowe raises two issues on appeal but the State presents a preliminary issue that we find dispositive: whether the trial court abused its discretion in granting Lowe's petition for permission to file a belated notice of appeal. Concluding that the trial court did abuse its discretion, and the appeal was therefore untimely, we dismiss the appeal.

## Facts and Procedural History

On July 22, 2003, Lowe was charged with four counts of burglary as Class B felonies, one count of attempted burglary as a Class B felony, and one count of burglary as a Class A felony. On July 2, 2007, a plea hearing was held and Lowe pleaded guilty to all six charges, pursuant to an open plea agreement with the State. On July 24, 2007, a sentencing hearing was conducted. On April 11, 2012, Lowe filed a verified petition for permission to file a belated notice of appeal pursuant to Indiana Post-Conviction Rule 2(1),[1] claiming that the trial court never advised him of his right to appeal, and so failure to file a timely notice of appeal was not his fault. On May 10, 2012, the trial court granted the petition, and this appeal followed.

## Discussion and Decision

As a threshold matter, the State argues that the trial court abused its discretion by granting Lowe's petition for leave to file a belated notice of appeal, because the record shows that Lowe was advised of his right to appeal and thus contradicts Lowe's contention that he was not at fault for failing to file a timely notice of appeal. We agree.

---

[1] Post-Conviction Rule 2(1) allows a defendant to seek permission to file a belated notice of appeal, and requires the defendant to show that:
  (1) the defendant failed to file a timely notice of appeal;
  (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
  (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

Generally, the decision whether to grant permission to file a belated notice of appeal or belated motion to correct error is within the sound discretion of the trial court. Russell v. State, 970 N.E.2d 156, 160 (Ind. Ct. App. 2012), trans. denied. However, if the trial court does not hold a hearing before granting or denying a petition to file a belated notice of appeal, the appellate court owes no deference to the trial court's decision, and the review of the granting of the petition is de novo. Id. Lowe filed his petition for permission to file a belated notice of appeal on April 11, 2012 and the trial court granted the petition the following month. Neither party suggests that a hearing was held, and our review of the record does not indicate that a hearing was held. Therefore, we review the trial court's grant of the petition de novo.

The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated notice of appeal. Id. There are no set standards of fault or diligence, and each case turns on its own facts. Id. The Indiana Supreme Court has held that several factors are relevant to the defendant's diligence and lack of fault in the delay of filing, including: the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay. Id. (citing Moshenek v. State, 868 N.E.2d 419, 423 (Ind. 2007)).

In his petition, Lowe's only support for showing the lateness of the appeal was not his fault is his contention that he was unaware of his right to appeal because the trial court failed to advise him of that right. In fact, the record shows that he was informed of that right at the plea hearing. The court, at some length, advised Lowe of the rights he would be giving up if he pleaded guilty, including the right to have the State prove the elements of each offense beyond a reasonable doubt, and the right to appeal the conviction. The court confirmed that Lowe understood these rights and that he would be giving them up by pleading guilty. The court then said to Lowe and another defendant, "I will tell you that you each have a right to appeal the

3

sentence that you receive even now on your guilty pleas if you think it is illegally incorrect and you are guaranteed the right to have a lawyer represent you even if you couldn't afford your own." The record thus shows that Lowe was informed of his right to appeal his sentence, in contradiction to his assertion in his petition.[2]

## Conclusion

Having determined that Lowe was in fact informed of his right to appeal, and without Lowe having put forth any other basis for the failure to file a timely notice of appeal not being his fault, we conclude that he has failed to meet the requirement of Post-Conviction Rule 2(1)(a)(2) and thus that it was an abuse of discretion for the trial court to grant his petition. The appeal is dismissed.

Dismissed.

MAY, J., AND PYLE, J., concur.

---

[2] While we find this fact extremely persuasive, we also note, in consideration of the other factors set out by the supreme court, that Lowe was twenty-nine at the time of the plea hearing, had completed at least some high school and by his own admission could read and write okay, and had at least one prior felony conviction at the time of the offenses underlying this appeal. On the whole, it appears that the fault for failing to timely appeal lies with Lowe.

4