**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Dec 29 2014, 6:15 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**MICHAEL D. HICKINGBOTTOM**
Carlisle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL D. HICKINGBOTTOM, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1407-CR-328 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Clarence D. Murray, Judge
Cause No. 45G02-0108-CF-178

**December 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Michael D. Hickingbottom appeals the trial court's denial of his petition to file a belated motion to correct error. Hickingbottom raises five issues for our review, but we need only address the following dispositive issue: whether the trial court abused its discretion when it denied his petition. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On August 7, 2001, after two prior trials had resulted in mistrials, the State charged Hickingbottom with murder, a felony. On October 15, 2004, a jury found Hickingbottom guilty as charged. The trial court entered its judgment of conviction against Hickingbottom and sentenced him to sixty years in the Department of Correction.

Hickingbottom filed a direct appeal in which he challenged his conviction and sentence. On February 8, 2006, this court affirmed his conviction and sentence on direct appeal. Hickingbottom then sought post-conviction relief, in which he alleged ineffective assistance from his trial counsel. The post-conviction court denied his petition, and, on July 11, 2008, this court affirmed the post-conviction court's judgment.

On July 12, 2010, Hickingbottom filed a motion with this court for permission to file a successive petition for post-conviction relief, which we denied. Hickingbottom filed a second motion with this court for permission to file a successive petition for post-conviction relief on August 1, 2011, which we also denied. On December 14, 2012, Hickingbottom filed a third motion with this court, which we again denied. Undeterred, on July 10, 2013, Hickingbottom filed a fourth motion. We denied it.

Apparently seeking a new option, on March 20, 2014, Hickingbottom filed the instant petition in the trial court for permission to file a belated motion to correct error. Noting Hickingbottom's direct appeal, post-conviction hearing, and post-conviction appeal, the trial court denied Hickingbottom's request. This appeal ensued.

## DISCUSSION AND DECISION

Hickingbottom asserts that the trial court abused its discretion when it denied his request to file a belated motion to correct error because, according to Hickingbottom, there are numerous reasons to doubt the validity of his conviction. As our supreme court has stated:

> The decision whether to grant permission to file a . . . belated motion to correct error is within the sound discretion of the trial court. The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated motion . . . . Several factors are relevant to the defendant's diligence and lack of fault in the delay of filing. These include the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay.

Moshenek v. State, 868 N.E.2d 419, 422-23 (Ind. 2007) (citations and quotations omitted).

We first note that Hickingbottom's brief on appeal does not present an argument supported by cogent reasoning that explains how the trial court may have abused its discretion when it denied his motion. Rather, Hickingbottom's argument on appeal simply asserts that the trial court erred because Hickingbottom believes he is entitled to relief on the merits of his petition. But this analysis does not address the factors recited

by our supreme court in <u>Moshenek</u>. As such, Hickingbottom is not entitled to appellate relief. Ind. Appellate Rule 46(A)(8)(a).

In any event, we cannot say that the trial court abused its discretion when it denied Hickingbottom's motion. The purpose for a belated motion to correct error under Indiana Post-Conviction Rule 2 is to develop matters "relating to . . . the direct appeal." <u>Sceifers v. State</u>, 663 N.E.2d 1191, 1192-93 (Ind. Ct. App. 1996), <u>trans. denied</u>. But Hickingbottom has had his direct appeal. Indeed, he has also had a post-conviction hearing, an appeal from the post-conviction court's judgment, and (so far) four requests to this court for him to file a successive petition for post-conviction relief. Thus, we agree with the State that Hickingbottom is no longer eligible to request a belated motion to correct error. Ind. Post-Conviction Rule 2. Indeed, Hickingbottom's belated motion to correct error is, in effect, simply an attempt to circumvent the procedure in place for the filing of successive petitions for post-conviction relief. <u>See</u> P-C.R. 1(12). Additionally, the procedural history here demonstrates that Hickingbottom unquestionably has a high "level of awareness of his procedural remedy," "familiarity with the legal system," and knowledge "of his appellate rights." <u>Moshenek</u>, 868 N.E.2d at 422-23. Hence, the trial court properly rejected his motion to file a belated motion to correct error, and we affirm its judgment.

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.