## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 07 2016, 7:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Ryan Patrick Rucker
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ryan Patrick Rucker,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

April 7, 2016

Court of Appeals Case No.
35A05-1509-CR-01448

Appeal from the Huntington Circuit Court

The Honorable Thomas M. Hakes, Judge

Trial Court Cause No.
35C01-1110-FA-00217

**Bailey, Judge.**

# Case Summary

[1] In 2012, Ryan Patrick Rucker ("Rucker") pled guilty to Child Molesting, as a Class A felony. In 2015, while pursuing post-conviction remedies, Rucker filed a petition to pursue a belated appeal. The trial court denied the petition, and Rucker appeals, presenting the sole issue of whether the trial court abused its discretion when it denied his petition for permission to file a belated notice of appeal.

[2] We affirm.

# Facts and Procedural History

[3] On October 18, 2011, Rucker was charged with Child Molesting. On March 12, 2012, Rucker entered a guilty plea as the result of a plea agreement.

[4] On March 20, 2012, Rucker's trial counsel, Ryan Painter ("Painter") moved to withdraw his appearance. On March 21, 2012, Rucker filed several motions, including a motion to withdraw his guilty plea. On March 26, 2012, the trial court denied Rucker's motions, granted Painter's motion to withdraw, and appointed new counsel, Matthew Grantham ("Grantham").

[5] On April 23, 2012, Rucker, by counsel, filed a motion to withdraw his guilty plea. The trial court denied the motion on May 10, 2012.

[6] On May 21, 2012, a sentencing hearing was conducted at which the trial court accepted the guilty plea proffered on March 12, 2012, entered judgment against Rucker, and sentenced Rucker to twenty-five years imprisonment.

[7] On the day of the sentencing hearing, Rucker and Grantham engaged in some discussion of the possibility of Rucker seeking post-conviction relief. Grantham suggested that Rucker's best course of action might be a post-conviction petition, rather than a direct appeal of the trial court's denial of Rucker's motion to withdraw the guilty plea.

[8] On June 6, 2012, Grantham filed his motion to withdraw his appearance as Rucker's counsel. The trial court granted the motion on June 6, 2012.

[9] On July 9, 2012, Rucker sent a letter to Grantham requesting documents Rucker believed were relevant to a post-conviction petition and requesting clarification of Grantham's suggestions concerning post-conviction remedies. Rucker also asked Grantham how long Rucker could wait before filing a belated appeal.

[10] On July 19, 2012, Grantham sent a responsive letter in which he explained further his recommendation that Rucker pursue post-conviction remedies. Grantham's letter stated:

> There is no time limit, strictly speaking, on a belated appeal. You have to be diligent in pursuing it and file within a reasonable time. The rule is similar to the rule for filing [for post-conviction relief].

(App'x at 16.)

On August 20, 2012, under Cause Number 35C01-1208-PC-11 ("PC-11"), Rucker filed a petition for post-conviction relief. Rucker was represented by counsel for a portion of the proceedings, but on August 28, 2014, the office of the State Public Defender withdrew its appearance on Rucker's behalf. From this point forward, Rucker proceeded *pro se*.

On August 13, 2015, Rucker filed a petition for permission to file a belated notice of appeal in the instant case, and a request for a stay of post-conviction proceedings in PC-11.

A hearing was conducted on Rucker's petition on August 25, 2015. On August 26, 2015, the trial court denied Rucker's petition and request for a stay.

This appeal ensued.

# Discussion and Decision

In his appeal, Rucker argues that the trial court abused its discretion when it found that Rucker did not diligently pursue an appeal of the denial of his motion to withdraw the guilty plea.

Indiana Post-Conviction Rule 2 governs the pursuit of a belated appeal:

> (a) *Required Showings*. An eligible defendant convicted after a trial
> or plea of guilty may petition the trial court for permission to file
> a belated notice of appeal of the conviction or sentence if;

> (1) the defendant failed to file a timely notice of appeal;
>
> (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.
>
> (b) *Form of petition*. There is no prescribed form of petition for permission to file a belated notice of appeal. The petitioner's proposed notice of appeal may be filed as an Exhibit to the petition.
>
> (c) *Factors in granting or denying permission*. If the trial court finds that the requirements of Section 1(a) are met, it shall permit the defendant to file the belated notice of appeal. Otherwise, it shall deny permission.

Ind. Post-Conviction Rule 2(1).

[17] Whether to grant permission to file a belated notice of appeal is a matter within the sound discretion of the trial court. *Moshenek v. State*, 868 N.E.2d 419, 422 (Ind. 2007). "The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated motion to appeal." *Id.* at 422-23. There are no set standards for fault or diligence. *Id.* at 423. Rather, "each case turns on its own facts," *id.*, and numerous factors may be applied, including:

> The defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the

defendant was informed of his appellate rights, and whether he committed an act or omission which contributed to the delay.

*Id.* (quoting *Land v. State*, 640 N.E.2d 106, 108 (Ind. Ct. App. 1994)).

[18] Here, Rucker contends that he did not become aware that he could pursue a direct appeal of the trial court's denial of his motion to withdraw the guilty plea until sometime in the middle of 2015, and thus he was diligent in pursuing a belated appeal.

[19] Our review of the record discloses that Rucker's letter to Grantham on July 9, 2012, includes a discussion of the possibility of seeking permission to pursue a belated direct appeal: "I am a little confused as to why you said that a PCR was the best course of action for me and not a 'direct appeal' as the appellate procedure states." (App'x at 13.) Later in the letter, Rucker asks Grantham to clarify the timeline under which Rucker might need to pursue a belated direct appeal: "what is the time limit on a belated appeal?" (App'x at 14.) Grantham's letter in response provided Rucker with answers to these inquiries.

[20] Thus, as early as July 2012, Rucker was aware that he could pursue a belated appeal. The trial court's finding that Rucker was not diligent in pursuing a belated appeal, then, is not clearly against the logic and effect of the facts and circumstances before it. *See Bethea v. State*, 983 N.E.2d 1134, 1139 (Ind. 2013) ("An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court.") We accordingly find no

abuse of discretion in the court's denial of Rucker's petition for permission to file a belated notice of appeal.[1]

[21] Affirmed.

Bradford, J., and Altice, J., concur.

---

[1] To the extent Rucker raises questions of ineffectiveness on Grantham's part, we note that Rucker may, if properly pleaded, be able to pursue this claim within the context of his post-conviction proceedings. We accordingly decline to address such questions in our opinion today.