## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 21 2016, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Jonathan O. Chenoweth
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joseph Honeycutt,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 21, 2016

Court of Appeals Case No. 38A02-1608-CR-1809

Appeal from the Jay Circuit Court

The Honorable Brian D. Hutchison, Judge

Trial Court Cause No. 38C01-1304-FC-7

**Bradford, Judge.**

# Case Summary

[1] In April of 2013, Appellant-Defendant Joseph Honeycutt was charged with Class C felony forgery, Class D felony perjury, and Class D felony identity deception. At some point after being charged but before trial, Honeycutt absconded to Tennessee from Indiana. Honeycutt was tried in absentia after he failed to appear for his November 14, 2013 jury trial. At the conclusion of trial, the jury found Honeycutt guilty as charged and the trial court sentenced him to an aggregate term of eleven years. Honeycutt was arrested in Tennessee on December 12, 2013, and was soon thereafter transported back to Indiana. Honeycutt had been returned to Indiana by December 30, 2013, at which time he appeared before the trial court.

[2] On June 13, 2016, Honeycutt filed a petition seeking permission to file a belated appeal. Following a hearing, the trial court denied Honeycutt's petition. Honeycutt challenges this denial on appeal. Concluding that the trial court acted within its discretion in denying Honeycutt's petition, we affirm.

# Facts and Procedural History

[3] On April 10, 2013, Appellee-Plaintiff the State of Indiana ("the State") charged Honeycutt with Class C felony forgery, Class D felony perjury, and Class D felony identity deception. Honeycutt, who was initially represented by counsel, entered into a plea agreement, pled guilty, and proceeded to sentencing. During this initial sentencing hearing, which was conducted on September 6,

2013, Honeycutt requested permission to withdraw his guilty plea. Honeycutt indicated that he wished to part ways with his then-counsel and to hire new counsel. The trial court granted Honeycutt's request and scheduled the matter for a jury trial on November 14, 2013.

[4] At some point before November 14, 2013, Honeycutt absconded to Tennessee. Honeycutt was tried in absentia after he failed to appear for his November 14, 2013 jury trial. When later asked why he did not appear for trial, Honeycutt indicated that he did not attend because he had been unable to retain a new attorney to represent him and also because he was scared of being convicted.

[5] At the conclusion of trial, the jury found Honeycutt guilty as charged, after which the trial court sentenced him to an aggregate term of eleven years. The trial court's sentencing order clearly set forth the applicable time limitations for appealing the conviction and sentence. Also at the time of sentencing, the trial court issued a warrant for Honeycutt's arrest.

[6] Honeycutt was arrested in Tennessee on December 12, 2013. He was soon thereafter transported back to Jay County.

[7] On December 30, 2013, Honeycutt appeared before the trial court for a hearing related to the amount of credit time he was entitled to receive. Honeycutt made no mention of appealing his conviction or sentence during this hearing. Honeycutt subsequently filed motions to modify his sentence in August of 2014, October of 2015, and December of 2015. Each of these motions was denied.

On June 13, 2016, Honeycutt filed a petition seeking permission to file a belated appeal. The trial court conducted a hearing on Honeycutt's petition on July 18, 2016, after which it denied Honeycutt's petition. In denying Honeycutt's petition, the trial court stated the following:

> 3.      Defendant's failure to file said appeal was due in large part to the fact that he absconded from the jurisdiction of the Court to avoid trial, and was tried and sentenced in absentia.
>
> 4.      Defendant has not been diligent in requesting to file a belated appeal. He has filed numerous motions since being rearrested and has been represented by counsel during this period. However, he did not seek the instant relief for approximately 2 ½ years after his re-arrest.

Appellant's App. p. 35.

# Discussion and Decision

Honeycutt challenges the trial court's denial of his request for permission to file a belated appeal.

> Indiana Post-Conviction Rule 2(1) provides a defendant an opportunity to petition the trial court for permission to file a belated notice of appeal. It provides[:]
>
> > Where an eligible defendant[1] convicted after a trial or plea of guilty fails to file a timely notice of appeal, a

---

[1] An "eligible defendant" is defined under the rule as "a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or

petition for permission to file a belated notice of appeal for appeal of the conviction may be filed with the trial court where:

>    (a) the failure to file a timely notice of appeal was not due to the fault of the defendant; and

>    (b) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule[.]

It includes the same requirements of diligence and lack of fault for a belated motion to correct error. Post-Conviction Rule 2 also gives a defendant the right to appeal a trial court's denial of permission to file a belated notice of appeal or motion to correct error.

*Moshenek v. State*, 868 N.E.2d 419, 422 (Ind. 2007) (footnote in original, internal citations omitted).

[10]    The decision whether to grant permission to file a belated notice of appeal or belated motion to correct error is within the sound discretion of the trial court.  The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated motion to appeal.  There are no set standards of fault or diligence, and each case turns on its own facts.  Several factors are relevant to the defendant's diligence and lack of fault in the delay of filing.  These include the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his

---

sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal." P-C.R. 2.

> appellate rights, and whether he committed an act or omission which contributed to the delay.
>
> Because diligence and relative fault are fact sensitive, we give substantial deference to the trial court's ruling.

*Id*. at 422-23 (Ind. 2007) (internal quotation and citations omitted).

[11] In the instant matter, the trial court determined that Honeycutt was at fault for his failure to file a timely appeal, noting that he absconded from the jurisdiction of the trial court in an effort to avoid trial. Honeycutt indicated that he intentionally absconded to Tennessee because he was having difficulty retaining new counsel and was afraid of being convicted. The trial court also found that Honeycutt had not be diligent in requesting permission to file a belated appeal. In making this finding, the trial court noted that although Honeycutt filed a number of motions with the trial court, he waited approximately two-and-a-half years after being arrested and returned to Indiana before filing the instant request.

[12] Honeycutt acknowledges that his flight from Indiana was his own fault. However, he argues that he was not at fault for what he claims was a delay in returning him to Indiana and providing him with notice of his conviction. The record reflects that Honeycutt was arrested in Tennessee on December 12, 2013. He was returned to Indiana by no later than December 30, 2013, on which date he appeared before the trial court for a hearing regarding the appropriate amount of credit time he was entitled to receive in connection with his incarceration for his underlying convictions and sentence. As such, it is

reasonable to infer that Honeycutt had been made aware of his convictions and resulting sentence by no later than December 30, 2013.

[13] Honeycutt did not file a petition requesting permission to file a belated appeal until June 13, 2016. Even assuming that there was indeed some delay in returning Honeycutt to Indiana and informing him of his convictions and sentence, Honeycutt has provided no explanation why he did not seek permission for approximately two-and-a-half years. As such, we cannot say that the trial court abused its discretion in finding that the fault for failing to file an appeal falls, at least in large part, on Honeycutt.

[14] Honeycutt also challenges the trial court's determination that he has not been diligent in requesting permission to file a belated appeal. In raising this challenge, Honeycutt argues that he was not aware that he could request permission to file a belated appeal until a short time before he did so on June 13, 2016. The trial court, however, appears not to have believed Honeycutt's claim that he was not aware of any procedure for requesting permission to file a belated appeal until a short time before he did so on June 13, 2016. Again, because a finding relating to diligence is fact-sensitive and the trial court, acting as the trier of fact, was in the best position to judge Honeycutt's credibility, we will defer to the trial court's determination in this regard. *See Moshenek*, 868 N.E.2d at 423.

[15] In finding that Honeycutt had not been diligent, the trial court noted that since his re-arrest in December of 2013, Honeycutt has filed a number of motions

while being represented by counsel. It seems unreasonable to believe that the counsel who represented Honeycutt in the intervening two-and-a-half years after Honeycutt's arrest were not aware or did not advise Honeycutt of the available procedures for requesting a belated appeal. Honeycutt also admitted that he went to the law library in his penal facility "as often as [he] could go" in order to research potential avenues of relief. Tr. p. 18. Upon review, we cannot say that the trial court's determination regarding diligence amounted to an abuse of its discretion.

# Conclusion

[16]　In sum, we conclude the trial court did not abuse its discretion in denying Honeycutt's request for permission to file a belated appeal.

[17]　The judgment of the trial court is affirmed.

Vaidik, C.J., and Brown, J., concur.