## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 12 2017, 9:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Theodore J. Minch, Esq.
Sovich Minch, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Damaris Anthony Smith,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 12, 2017

Court of Appeals Case No.
73A01-1605-CR-1112

Appeal from the Shelby Superior Court

The Honorable Chris D. Monroe, Senior Judge

Trial Court Cause No.
73D01-1406-FB-41

**May, Judge.**

[1]     Damaris Anthony Smith appeals the court's denial of his petition to file a belated notice of appeal under Indiana Post-Conviction Rule 2(1). As the trial court did not abuse its broad discretion, we affirm.

## Facts and Procedural History

[2]     On May 26, 2015, a jury found Smith guilty of Class B felony burglary[1] and Class A misdemeanor driving while suspended.[2] On June 12, 2015, the trial court ordered Smith to serve concurrent terms of fourteen years and one year. At the sentencing hearing held that day, the trial court advised Smith of his right to appeal:

> THE COURT: . . . . Now, Mr. Smith, you heard the sentence of the Court in this case. You are entitled to take an appeal with regard to the conviction itself and/or the sentence that has been imposed. You can do that by one of two ways. You can either file what's called a direct appeal or you can file what's called a motion to correct error. There are some technical reasons why you might want to do one as opposed to the other, and I won't get into those because I'm not sure I completely understand all of them. But if you wish to appeal the case you must file something, either the direct appeal or the motion to correct errors within 30 days from today's date. If you fail to do that then your right to take an appeal can be waived, forfeited or given up. If you file a motion to correct errors and that motion is denied, then following that you must file a motion . . . notice of appeal within 30 days from the denial of the motion to correct errors. If the

---

[1] Ind. Code § 35-43-2-1(1)(B)(i) (1999).

[2] Ind. Code § 9-24-19-2 (2012).

motion to correct errors were to be granted then it would depend upon what the allegations under that motion were as to what the remedy might be. You have the right to be represented by an attorney with regard to any appeal of any part of what has transpired in your case. If you cannot afford an attorney, one can be appointed to represent you at no expense to you for purposes of taking an appeal. Do you understand these rights?

MR. SMITH: Yes, I understand.

THE COURT: Do you wish to take an appeal from this matter?

MR. SMITH: I don't know. I'm gonna think about it.

THE COURT: I'm sorry. Think about it?

MR. SMITH: I said I'm gonna think about it.

THE COURT: Okay. Well you certainly are entitled to think about it, and you're not obligated one way or the other with regard to any choice you may make today, but I just want to emphasize, you have 30 days. So if you say you're gonna think about it, that's fine. But if you. . . I'm not gonna call you up in a week or two or three weeks and say hey, have you made up your mind.

It's up to you to take the affirmative step to advise the Court what you plan to do. Okay.

MR. SMITH: Understood.

* * * * *

THE COURT: . . . . But I would encourage you, get something done right away because if you decide on day 29 you want to do something, I think, you know, we started this trial on the 20 . . . Well, whatever it was. On Tuesday, the day after Memorial day. If you call an attorney and say, hey, I'm ready to file the appeal and the attorney is on vacation or in trial or something else, you might give up your right to an appeal by not filing something on a timely basis. Okay. Alright.

(Tr. at 29-33.)

[3] At the end of the sentencing hearing, Smith requested the return of two cell phones that were taken from him for evidence:

I've talked to the Prosecuting Attorney about this. There were some, there were some phones taken from the Defendant. Some items of personal property were taken as a result of this case. Now that the co-defendant and his case are concluded, I can't see any evidentiary reason for keeping them. They should be released back (inaudible).

(*Id*. at 34.) The prosecutor agreed to return Smith's two phones. The court explained its "policy has been to not necessarily release any evidence until the 30 days has passed with regard to an appeal. If there is . . . [a]n appeal taken, then that evidence might be necessary for a re-trial." (*Id*. at 35-36.) Defense counsel agreed that was "fine." (*Id*. at 36.)

[4] Three days after sentencing, on June 15, 2015, Smith's girlfriend, Alicia Wright, called the police officer who had investigated Smith's crimes, Detective Darren Chandler of the Shelby County Sheriff's Department, and asked to pick up all of Smith's property including his two cell phones. Detective Chandler

conferred with the prosecutor, who informed him the cell phones could not be released "until after all appeals were completed." (*Id.* at 100.) Detective Chandler called Wright back to explain this to her and then he "spoke with Smith in an interview room in the Shelby County Jail and explained the same to him" in a conversation that was recorded. (*Id.* at 100-01.)

[5] On August 10, 2015, Wright left a message for Detective Chandler saying that she wanted the cell phones. On August 27, 2015, Wright again called Detective Chandler and this time she read him the last line of the sentencing order, which states: "Defendant requests property be released. Court approves request however, property is not to be released for 30 days in case appeal is filed." (Appellant's App. Vol. 2 at 34.) Wright acknowledged that no appeal had been filed and asked for the phones. Detective Chandler informed Wright that he could not release Smith's property to her without documentation that Smith wanted his property released to her. On September 1, 2015, Smith sent a letter to Detective Chandler giving permission to release his cell phones to Wright. On October 1, 2015, Detective Chandler released the cell phones to Wright.

[6] On December 14, 2015, Smith requested permission to file a belated notice of appeal. The court heard testimony from Smith and Detective Chandler, and then it took the case under advisement. After reviewing the court's file and the sentencing hearing, the court summarily denied Smith's request.

# Discussion and Decision

Defendants who are eligible to use Indiana Post-Conviction Rule 2 are those "who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty . . . ." Section 1 of Rule 2 explains the process for filing a belated notice of appeal:

> An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if:
>
> (1) the defendant failed to file a timely notice of appeal;
>
> (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

P-C. R. 2(1)(a). If the court finds the defendant met those requirements, "it shall permit the defendant to file the belated notice of appeal. Otherwise, it shall deny permission." P-C. R. 2(1)(c).

To obtain relief, a defendant must prove by a preponderance of the evidence he was not at fault for the failure to timely file and diligently requested permission to file. *Strong v. State*, 29 N.E.3d 760, 764 (Ind. Ct. App. 2015). "There are no set standards of fault or diligence, and each case turns on its own facts." *Moshenek v. State*, 868 N.E.2d 419, 423 (Ind. 2007), *reh'g denied*. Some of the many factors the trial court may consider include the defendant's "age,

education, familiarity with the legal system," knowledge of right to appeal, and responsibility for the delay. *Id*.

[9] Because of the fact-sensitive nature of the determinations about diligence and fault, "we give substantial deference to the trial court's ruling." *Id*. Thus, we review the trial court's decision for an abuse of discretion. *Id*. at 422 ("decision . . . is within the sound discretion of the trial court"). Smith has not demonstrated the trial court abused its discretion in denying his petition.

[10] Smith's statements to the trial court have been inconsistent regarding whether he intended to file a timely appeal and whether he had reason to think that someone in his family had hired counsel for him to initiate a timely appeal. For instance, at the hearing on his motion to file a belated notice of appeal, Smith confirmed that, at his sentencing hearing on June 6, 2015, he had "advise[d] the [trial] court that [he was] going to hire counsel." (Tr. at 44.) But the sentencing hearing transcript shows that he told the trial court only that he was "gonna think about" whether he wanted to take an appeal. (*Id*. at 30.) Smith did not tell the trial court that he planned to hire an attorney for an appeal.

[11] Then, at the hearing on his motion to file belated notice of appeal, Smith stated that "it was my intent" to hire counsel, (*id*. at 45), but "[i]t's hard to hire counsel or go talk to anybody when you are behind bars." (*Id*.) Yet Smith also testified at the hearing that he had called his mother "a day or two after [the May 26, 2015,] trial" from the Shelby County Jail and asked her to hire a lawyer for him, (*id*. at 63), so he thought his family had hired a lawyer and that

his appeal was underway. That statement was inconsistent with his statement at his June 6, 2015, sentencing hearing that he was "gonna think about" whether he wanted to take an appeal. (*Id.* at 30.) In short, Smith gave inconsistent statements to the trial court regarding whether he had intended to file an appeal and thought a timely appeal had been filed on his behalf, and the court was entitled to assess his credibility in ruling on his motion to file a belated notice of appeal.

[12] In addition, the trial court judge, the sentencing order, and Detective Chandler informed Smith and Wright on multiple occasions that the State would not turn over Smith's two cell phones that were being held as evidence until his appeal concluded or his opportunity to file an appeal had lapsed. When Wright contacted Detective Chandler in August 2015 about picking up the phones, she acknowledged that no appeal was filed, which suggests Smith knew at that time as well. If he did not know in August 2015 that no appeal had been filed, he certainly should have understood by the beginning of September 2015 when he sent a letter to Detective Chandler authorizing his girlfriend to take possession of his cell phones.

[13] Moreover, the record before us does not suggest Smith was young, uneducated, or unfamiliar with the legal system. Smith was 28 years old when the court imposed this sentence. Smith had graduated from high school and attended one semester at Ivy Tech. (Appellant's App. Vol. 3 at 37.) And, while Smith may have never before filed an appeal, the probation department summarized his history with legal system as including

one felony and one misdemeanor conviction; he had nine cases that were dismissed. He has been committed to DOC on one occasion. There is an active warrant out of Marion County for failure to appear on a pending case. Furthermore, while out on bond in Shelby County, the defendant committed a new felony drug offense in Marion County and that case is currently pending. His juvenile history consists of two status offenses, but no action [was] taken in either case.

(*Id*. at 42.)

[14] The record suggests Smith's only concern following sentencing was obtaining possession of his cell phones. As he could not receive those phones until the conclusion of any appeal he might take, the logical inference is that Smith intentionally failed to file an appeal so that he could get his phones from evidence. Thus, we cannot hold the court abused its discretion if it found Smith was at fault for his failure to file a timely appeal. Nor could we hold the trial court erred if it found Smith was not diligent in pursuing his right to file a belated appeal, when the evidence demonstrates Smith knew in August 2015 that no appeal had been filed but he did not request permission to file a belated notice of appeal until December 2015. In light of the evidence suggesting Smith was both at fault and not diligent, we hold the court did not err in denying his petition. *See* P-C. R. 2(1)(c) (if defendant does not prove both elements of the test, the court "shall deny permission" to file a belated notice of appeal).

# Conclusion

As the record supports the trial court's decision to deny Smith's petition for permission to file a belated notice of appeal, we affirm.

Affirmed.

Najam, J., and Bailey, J., concur.