## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 13 2017, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rodrigo Castillo Trudillo, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff* | October 13, 2017 <br><br> Court of Appeals Case No. 12A04-1704-CR-831 <br><br> Appeal from the Clinton Circuit Court <br><br> The Honorable Bradley K. Mohler, Judge <br><br> Trial Court Cause No. 12C01-1509-F1-803 |

**Baker, Judge.**

[1] Rodrigo Castillo Trudillo appeals the trial court's order denying his motion to withdraw his guilty plea. Finding no error, we affirm.

# Facts

[2] In 2015, Clinton County law enforcement conducted an investigation during which police learned that then-ten-year-old A.S. had disclosed that on several occasions, a man had inserted his finger into her vagina. Police interviewed Trudillo, A.S.'s mother's boyfriend, who waived his *Miranda*[1] rights and admitted to touching A.S.'s vagina with his finger on one occasion.

[3] On September 2, 2015, the State charged Trudillo with Level 1 felony child molesting. Trudillo hired an attorney and the parties engaged in discovery over the course of the next year. Among other things, Trudillo retained a Spanish-language interpreter to review the video recording of his statement to police.

[4] On October 21, 2016, the parties filed a plea agreement under which Trudillo agreed to plead guilty to two new charges of Level 3 felony child molesting in exchange for the dismissal of the Level 1 felony charge. The plea agreement provided that Trudillo's sentence would be at least ten years in the Department of Correction and otherwise left the sentence to the trial court's discretion.

[5] At the October 21, 2016, sentencing hearing, at which Trudillo was provided with a Spanish interpreter and Spanish language advisements, Trudillo stated

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

that he understood the terms of the plea agreement and assured the trial court that he had not been promised anything, threatened in any way, or forced into agreeing to the plea. He further stated that he was not under the influence of medication or intoxicants and that he did not suffer from a mental illness or disease that would affect his ability to understand what was occurring. Trudillo agreed that he understood that, by pleading guilty, he would be waving certain rights articulated by the trial court.

[6] The trial court explained that if he pleaded guilty to the two new counts of Level 3 felony child molesting, Trudillo would be admitting that he performed or submitted to intercourse or other sexual conduct with A.S.; Trudillo agreed that he understood after confirming that the original Level 1 felony charge would be dismissed in exchange. Trudillo further acknowledged that he understood the sentencing range for the two offenses. He told the trial court that he understood everything, did not want to discuss anything further with counsel, his decision to plead guilty was his own free and voluntary choice, and that he understood the translation provided for him.

[7] The trial court then asked Trudillo whether he pleaded guilty or not guilty to Count II, Level 3 felony child molesting. Trudillo replied, "Yes," and when the trial court clarified by asking, "Guilty?" Trudillo said, "Not guilty." Tr. p. 9. Trudillo's counsel asked him if he was pleading guilty or not guilty, and Trudillo replied in Spanish. The trial court then took a recess so that Trudillo could consult with his attorney. When the hearing reconvened, the trial court asked Trudillo if he had been able to consult with his attorney and Trudillo

replied affirmatively. Trudillo then pleaded "Guilty" to two counts of Level 3 felony child molesting. *Id.* at 9-10. Trial counsel then recited the allegations of those two counts; Trudillo stated that he agreed that the summaries were accurate and admitted that the allegations were true. The trial court found that a factual basis existed for the guilty plea and set the matter for a sentencing hearing.

[8] On December 30, 2016, Trudillo moved to withdraw his guilty plea, alleging that he had been coerced into pleading guilty to "help persuade the victim that she was not crazy," that he was not guilty, and that he had come to realize his error in pleading guilty after talking with his probation officer.[2] At a January 31, 2017, hearing on Trudillo's motion, Trudillo complained that "physical tests" had not been performed on A.S. and stated that he had pleaded guilty because:

> I was looking for an option. They're making me pay for a crime . . . that I didn't commit. Just because of some suspicions. Looking for an option. Where they would give me approval to be able to work maybe. To be keep continuing [sic] to help my family. And my family that I also have in Mexico.

*Id.* at 17. Trudillo explained that his claim of coercion referred to the detective who had arrested and interviewed him; that detective, according to Trudillo,

---

[2] After talking with his probation officer, Trudillo learned that in the Presentence Investigation Report, the probation officer was recommending an executed sentence of twenty-three years imprisonment. Appellant's App. Vol. II p. 92.

told him that an admission would persuade the victim "that she's not crazy[.]" *Id.* at 19.

[9] The trial court denied the motion, noting that Trudillo had pleaded guilty after "a year of working with your attorney in reviewing the case and looking at all options . . . ." *Id.* at 21. The trial court also observed that the advisements at the guilty plea hearing were clear and comprehensive and that nothing Trudillo had stated had changed the trial court's conclusion that he had knowingly and voluntarily pleaded guilty. Finally, the trial court emphasized that if it vacated the guilty plea, the case would have been pending for approximately two years by the time of trial and that there would be "substantial prejudice both to the State and an[] additional burden to the victim in this case." *Id.* at 22.

[10] At the March 20, 2017, sentencing hearing, A.S.'s mother complained about the absence of tests on her daughter:

> Q:    You have mentioned that you would like to speak today about the sentencing. Um what would you like the Court to know?
>
> A:    My thoughts are um my case (inaudible). Why didn't they take um my [daughter] to get checked by a medic.
>
> Q:    Okay. We're just talking about sentencing today. So what would you like to tell the Court about the punishment or the sentence?
>
> A:    I don't know.

Q:    Is that all you want to say I mean as far as the sentencing? The affect [sic] on your child?

A:    Yes.

*Id.* at 28-29. She then sat down and made no further statements at the hearing.

Twelve-year-old A.S. then testified:

State: . . . Do you want to tell the Judge anything [about] how you think [Trudillo] should be punished?

A.S.: Um um I actually lied. I didn't want him to be with my mom.

State: Okay.

A.S.: He actually um been [sic] he moved with us. I lied cause [sic] he took my father's spot. And I didn't want him to. And then he said . . . that we were gonna move to a different house. And then I like we moved. I didn't like the house. So I lied that he touched me. Which he never did.

State: And um do you understand that [Trudillo] told the police that he did it? Why do you so [sic] you think he lied too?

A.S.: Yes. He lied cause I lied to him and I lied to my mom.

***

State: Okay. Have you talked to your mom about coming to Court today?

A.S.:  Yes.

State:  Okay.  Did you guys talk about what you were gonna say?

A.S.:  Yes.

*Id.* at 31-32.

[11]  Trudillo then renewed his motion to withdraw his guilty plea; the State objected.  Trudillo testified as follows:

> Well since the first day the day I got arrested that I was innocence [sic].  They don't believe in my innocence.  So I'm here.  I accepted the story that was made up.  So I can't incriminate.  I'm not a criminal.  I'm gonna pay for a crime that I didn't commit.  I would ask for my deportation to Mexico.

*Id.* at 36.  Trudillo stated that he could not remember how many times he had talked with A.S.'s mother on the phone since he had been in jail and that she visits him at the jail "[w]hen she can."  *Id.* at 37.

[12]  The trial court denied the renewed motion to withdraw the guilty plea, finding as follows:

> Uh we are . . . going forward with sentencing.  Court has been aware of this case both through the criminal case and through the related CHINS cases for the child that was the victim and the siblings.  Unfortunately throughout those cases uh what we saw today was . . . also present uh in that we have a child or a victim who has faced considerable pressure at home from a mother who wants the defendant home.  And whether or not the defendant has been involved in that pressure or whether it's all coming from

the mother I'm not sure. Um but I know that that has been the pattern for these cases. And so we are going forward with sentencing.

*Id.* at 41. After finding and weighing aggravating factors and mitigating circumstances, the trial court imposed two concurrent twelve-year terms, with credit for time served. Trudillo now appeals.

## Discussion and Decision

[13] Trudillo's sole argument on appeal is that the trial court erred by denying his motion to withdraw his guilty plea. After a guilty plea is entered but before sentence is imposed, a defendant may move to withdraw his guilty plea for any fair and just reason unless the State has been substantially prejudiced by reliance upon the plea.[3] Ind. Code § 35-35-1-4(b). The trial court shall grant the motion to withdraw if the defendant proves, by a preponderance of the evidence, that it is necessary to correct a manifest injustice. *Id.* Absent such a showing, the decision to grant or deny the motion rests soundly in the discretion of the trial court. *Id.*

[14] As a general matter, we will not second-guess a trial court's evaluation of the facts and circumstances because the trial court "is in a better position to weigh evidence, assess the credibility of witnesses, and draw inferences." *Moshenek v.*

---

[3] Trudillo does not contest the trial court's conclusion that the State was substantially prejudiced by reliance upon the plea because of the lengthy passage of time since the offenses were committed.

*State*, 868 N.E.2d 419, 424 (Ind. 2007). A trial court's ruling on a motion to withdraw a guilty plea arrives in this Court with a presumption in favor of the ruling. *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001).

[15] First, we must examine the record of the guilty plea hearing to determine if Trudillo's plea was knowing and voluntary. *Id.* Here, Trudillo was clearly advised by the trial court of his rights and the information required by Indiana Code section 35-35-1-2. The trial court went step by step through the charges, their penalty ranges, the rights Trudillo would give up by pleading guilty, and the fact that Trudillo was of sound mind. The trial court also determined that Trudillo's plea was free from threats, coercion, or promises of leniency. At each step, Trudillo assured the trial court that he understood his rights, the effect of his plea, and the sentencing ranges he faced if he pleaded guilty, and that his questions and concerns had been fully addressed by his attorney.

[16] Trudillo attempts to avoid the effect of this lengthy discussion with the trial court by emphasizing that at one point he answered "Not guilty" when asked how he pleaded to Count II. Tr. p. 8-9. The record shows, however, that before Trudillo gave this answer, he was apprehensive about pleading guilty to two charges with liability on one charge remaining. After the trial court said that Count I would be dismissed after the trial court accepted the guilty plea, Trudillo responded "Okay," but was apparently not satisfied, because when the trial court asked how Trudillo pleaded to Count II, Trudillo first replied "Yes," and then, "Not guilty." *Id.* After a recess during which counsel addressed Trudillo's concerns, the hearing resumed and he pleaded guilty to Counts II

and III unequivocally and without hesitation, admitting to the allegations of both counts. Under these circumstances, we do not find that the trial court erred by concluding that his momentary apprehension causing him to say "Not guilty" renders his plea unknowing or involuntary.

[17] Trudillo contends that withdrawal of the plea is necessary to correct a manifest injustice, and the crux of this argument is A.S.'s testimony at the sentencing hearing. He argues that because she recanted at that hearing, he should be permitted to withdraw his guilty plea because holding him to his own sworn testimony would be a manifest injustice.

[18] The trial court, which had the opportunity to interact with and observe Trudillo, A.S., and A.S.'s mother, both during this criminal proceeding and during a related Child in Need of Services proceeding, found that A.S. had been pressured by her mother, and possibly also by Trudillo, to change her story:

> Court has been aware of this case both through the criminal case and through the related CHINS cases for the child that was the victim and the siblings. Unfortunately throughout those cases uh what we saw today was . . . also present uh in that we have a child or a victim who has faced considerable pressure at home from a mother who wants the defendant home. And whether or not the defendant has been involved in that pressure or whether it's all coming from the mother I'm not sure. Um but I know that that has been the pattern for these cases.

Tr. p. 41. We will not second-guess the trial court's evaluation of the situation, especially in light of the testimony at that hearing by A.S.'s mother, who showed no concern whatsoever regarding her daughter's well-being.

[19]     Additionally, we note that Trudillo's confession to law enforcement precisely mirrored the allegations made by A.S. and that he had a year to study the recording of his confession and examine the State's discovery. Trudillo, however, did not file a motion to suppress or claim he was coerced into making that confession until months after his guilty plea hearing—after he learned his probation officer was recommending an executed sentence of twenty-three years imprisonment. Under these circumstances, we find no error in the trial court's conclusion that Trudillo failed to prove a manifest injustice by a preponderance of the evidence or in its denial of his motion to withdraw his guilty plea.

[20]     The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.