## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Feb 16 2017, 6:33 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Diego Armando Pacheco Manzo, | February 16, 2017 |
| *Appellant-Defendant / Cross-Appellee,* | Court of Appeals Case No. 79A02-1607-CR-1703 |
| v. | Appeal from the Tippecanoe Circuit Court |
| | The Honorable Donald L. Daniel, Judge |
| State of Indiana, | Trial Court Cause Nos. |
| *Appellee-Plaintiff / Cross-Appellant* | 79C01-0608-FA-16 |
| | 79C01-1404-PC-3 |

**Crone, Judge.**

# Case Summary

[1] Diego Armando Pacheco Manzo ("Pacheco") appeals the twenty-five-year sentence imposed by the trial court following his guilty plea to class A felony dealing in cocaine. His sole contention is that his sentence is inappropriate in light of the nature of the offense and his character. The State cross-appeals arguing that the trial court abused its discretion in granting Pacheco permission to file a belated notice of appeal pursuant to Indiana Post-Conviction Rule 2(1), and therefore this appeal should be dismissed. We conclude that the trial court did not abuse its discretion in granting Pacheco permission to file a belated notice of appeal and we decline the State's request for dismissal. However, because we conclude that Pacheco has not met his burden to show that his sentence is inappropriate, we affirm his sentence.

# Facts and Procedural History

[2] On August 21, 2006, Pacheco was driving a red Chevrolet truck in Lafayette when police officers initiated a traffic stop after pacing Pacheco's vehicle as traveling approximately forty-five miles per hour in a thirty-five-mile-per-hour zone. Officers had been conducting surveillance of Pacheco for suspected drug dealing prior to the stop. After a drug detection K-9 alerted to the presence of a narcotic odor coming from Pacheco's vehicle, officers searched the vehicle. Officers discovered two packages containing cocaine weighing approximately one ounce each under the middle cushion in the front seat of the truck. Pacheco intended to deliver that cocaine to a third party.

Based upon evidence collected on that date and several prior dates, the State charged Pacheco with one count of class A felony conspiracy to commit dealing in cocaine, four counts of class A felony dealing in cocaine, four counts of class A felony possession of cocaine, class A misdemeanor possession of paraphernalia, and class D felony maintaining a common nuisance. Pursuant to a written plea agreement, Pacheco pled guilty to one count of class A felony dealing in cocaine with a sentencing cap of twenty-five years. The remaining charges were dismissed. On June 26, 2007, the trial court sentenced Pacheco to twenty-five years executed.

On June 6, 2016, Pacheco filed a petition for permission to file a belated notice of appeal. The trial court granted that petition, and on July 22, 2016, Pacheco filed his notice of appeal to this Court, and this appeal ensued.

## Discussion and Decision

## Section 1 – The trial court did not abuse its discretion in granting Pacheco permission to file a belated notice of appeal.

We first address the State's cross-appeal request that this case be dismissed. Specifically, the State contends that the trial court abused its discretion in granting Pacheco permission to file a belated notice of appeal. Indiana Post-Conviction Rule 2(1) provides a defendant with an opportunity to petition the trial court for permission to file a belated notice of appeal. *Moshenek v. State*, 868 N.E.2d 419, 422 (Ind. 2007). Specifically, the rule provides,

An eligible defendant[1] convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;

(1) the defendant failed to timely file a notice of appeal;

(2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and

(3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

Ind. Post-Conviction Rule 2(1)(a). If the trial court finds that these requirements are met, "it shall permit the defendant to file the belated notice of appeal. Otherwise, it shall deny permission." Ind. Post-Conviction Rule 2(1)(c). Our supreme court has explained,

The decision whether to grant permission to file a belated notice of appeal or belated motion to correct error is within the sound discretion of the trial court. The defendant bears the burden of proving by a preponderance of the evidence that he was without fault in the delay of filing and was diligent in pursuing permission to file a belated motion to appeal. There are no set standards of fault or diligence, and each case turns on its own facts. Several factors are relevant to the defendant's diligence and lack of fault in the delay of filing. These include the defendant's level of awareness of his procedural remedy, age, education, familiarity with the legal system, whether the defendant was informed of his

[1] An "eligible defendant" is defined as "a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal." Ind. Post-Conviction Rule 2.

> appellate rights, and whether he committed an act or omission which contributed to the delay.

*Moshenek*, 868 N.E.2d at 422-23 (citations and quotation marks omitted). We will affirm a trial court's ruling on a petition for permission to file a belated notice of appeal under Post-Conviction Rule 2 "unless it was based on an error of law or a clearly erroneous factual determination." *Id.* at 423-24.

[6] As to whether failure to file a timely notice of appeal was Pacheco's fault, the record supports the trial court's conclusion that it was not. The transcript of the sentencing hearing does not reflect that the trial court ever informed Pacheco that he had the right to appeal his sentence. Moreover, at the guilty plea hearing, the trial court advised Pacheco that by pleading guilty he was giving up his right to appeal even though his plea agreement contained no waiver of the right to appeal his sentence. Tr. at 4-5.[2] The record indicates that Pacheco has little education, speaks little English and is not highly literate even in his native Spanish language, and is not familiar with the legal system. Thus, the preponderance of the evidence indicates that Pacheco was not properly informed of his appellate rights regarding appeal of his sentence and that he was not likely aware of or able to understand the proper procedures.

---

[2] *See Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008) (holding that a defendant may waive the right to appellate review of his sentence as part of a written plea agreement).

[7]    As for his diligence, the record here suggests that Pacheco attempted to challenge his sentence almost immediately after sentencing, and has done so repeatedly since. Pacheco first sent the trial court a letter asking for a sentence reduction within ten days of sentencing. He then filed numerous letters with the trial court between July 2008 and January 2014, questioning the appropriateness of his sentence. Each letter had to be translated into English, and each request made in the letters was subsequently denied by the trial court.[3] Pacheco eventually filed a pro se petition for postconviction relief in April 2014, and requested the aid of counsel. The trial court then appointed the State Public Defender to represent him. Thereafter, counsel filed a petition for permission to file a belated notice of appeal on his behalf. Under the circumstances, we cannot say that the trial court abused its discretion in determining that Pacheco has met his burden to demonstrate that he was diligent in pursuing a remedy and requesting permission to file a belated notice of appeal. The trial court did not abuse its discretion in granting his petition for permission to file a belated notice of appeal.

[8]    We note that the State maintains that dismissal is proper because the trial court did not issue "the requisite findings" in its order granting Pacheco permission to file a belated notice of appeal. Appellee's Br. at 9. However, the State cites no authority for its proposition that the trial court's order here is inadequate

---

[3] The trial court did grant a request for transcripts of guilty plea and sentencing hearings on November 23, 2011. However, the record is silent as to whether those items were ever prepared at the time.

pursuant to our postconviction rules, and Post-Conviction Rule 2 contains no language that can be construed as requiring the trial court to make specific findings of fact in entering its order. *See Amphonephong v. State*, 32 N.E.3d 825, 831 (Ind. Ct. App. 2015). Indeed, even had the trial court issued express findings of fact, we would owe those findings no deference because the trial court did not hold a hearing on Pacheco's petition. Where, as here, the trial court rules on a paper record in granting a belated notice of appeal, we review the granting of the petition de novo. *Id*. Based upon the record before us, we decline the State's invitation to dismiss and we proceed to address the merits of this appeal.

## Section 2 – Pacheco has not met his burden to demonstrate that the sentence imposed by the trial court is inappropriate.

[9] Pacheco claims that his twenty-five-year sentence is inappropriate and invites this Court to revise his sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to

attempt to "leaven the outliers." *Id*. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224. In reviewing a sentence, we consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence is ordered suspended "or otherwise crafted using any of the variety of sentencing tools available to the trial judge." *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[10] Regarding the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). At the time Pacheco committed his offense, the sentencing range for a class A felony was between twenty and fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4. Pacheco received a twenty-five-year sentence for his guilty plea to one count of class A felony dealing in cocaine. In arguing that his sentence is inappropriate as to the nature of his offense, he contends that his conduct did not exceed that necessary to establish the elements of class A felony dealing in cocaine. We disagree. The amount of cocaine involved here far exceeded the amount required for a class A felony dealing conviction. *See* Ind. Code § 35-48-4-1 (possession with intent to deliver cocaine in an amount of three grams or

more).[4]  In other words, this was no small-time drug deal.  Moreover, as noted by the State, Pacheco faced eleven charges and a maximum sentence of 454 years prior to entering into his plea agreement.  We cannot ignore the substantial benefit that he received in exchange for the dismissal of those charges, which was a sentencing cap of twenty-five-years for his guilty plea to one class A felony count, a sentence well below both the statutory maximum and five years below the advisory sentence on that single count.  He has not met his burden to demonstrate that his sentence is inappropriate in light of the nature of his offense.

[11]  Regarding his character, Pacheco admitted that he has been buying and selling drugs in the same community for more than two years.  He admitted that he entered the United States illegally and that he has been deported on three occasions only to return each time illegally.  While he concedes that "he has not exactly led a law abiding life," he emphasizes that he has no prior criminal convictions and asserts that he is therefore deserving of a lesser sentence.  Appellant's Br. at 6.  We are not persuaded.  His admitted criminal behavior and disregard for the law is much more indicative of his character than any official convictions or adjudications.  Pacheco has failed to convince us that a

---

[4] We note that the State indicates that Pacheco possessed with intent to deliver one ounce (28.3495 grams) of cocaine.  Appellee's Br. at 5, 11.  However, the record indicates, and Pacheco admits in his brief on appeal, *see* Appellant's Br. at 4, that he possessed with intent to deliver two ounces (56.699 grams) of cocaine.  Regardless, the amount that he possessed with intent to deliver far exceeded the amount required for conviction.

sentence reduction is warranted. We affirm the sentence imposed by the trial court.

[12] Affirmed.

Riley, J., and Altice, J., concur.